BARKER, Appellant, vs. WESTERN UNION TELEGRAPH COMPANY, Respondent.

*November 8, 1907—January 8, 1908.*

*Telegraph companies: Negligence: Liability for failure to correctly transmit and deliver messages: Uncertain and speculative damages.*

1. Sec. 1778, Stats. (1898), making telegraph companies liable for all damages occasioned by failure or negligence in performing their duty to correctly transmit and deliver messages, has removed, as a condition of liability, all necessity that the company should have had in contemplation, or had any notice or suggestion of probability of, such damages as are in fact occasioned.

2. In an action against a telegraph company for loss claimed to have been suffered by reason of nondelivery of a message, it is not necessary to consider whether there is anything upon the face of the telegram to suggest that loss will be suffered by nondelivery.

3. Defendant telegraph company failed to deliver to a physician a telegram inquiring whether he would see another professionally. *Held*, while he could not establish by his own testimony directly that he would have made pecuniary gains if he had received the telegram and was prevented from so doing solely by its nondelivery without any intervening independent cause, yet plaintiff might establish facts from which the jury might legitimately infer a probable course of conduct which would have secured him such gains.

4. An intent already formed is a fact just as much as any other physical fact.

5. In an action against a telegraph company by a physician for failure to deliver a telegram the complaint alleged, among other things, that plaintiff was building up a practice in another city; that he was invited by the telegram to come to that city to see another professionally; that the prospective patient had fully determined to take treatment from him, and that he was prevented from going by the negligence of the defendant. *Held*, on demurrer, that the complaint alleged facts sufficient, if established by evidence, to justify reasonable inference that the patient would have taken treatment of the plaintiff, and hence that the plaintiff would have made pecuniary gains.

6. Such complaint is not open to challenge on demurrer because the damages alleged are too uncertain and speculative.

7. In such case, on the ground of contract, it is *held* that enough was alleged in the complaint to enable proof that plaintiff would at least have earned compensation for the journey for consultation.

APPEAL from an order of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Reversed.*

Appeal from order sustaining demurrer to the complaint. That instrument alleges that plaintiff has built up an active practice in the treatment of certain diseases in and around Madison, Wisconsin, extending as far as Chicago, and in said business was well known to defendant and its agents and employees; that on April 22, 1905, a certain Chicago man, whose condition was desperate, learning of plaintiff's abilities, had decided and determined to abandon a trip to Arizona and to take treatment from plaintiff if the latter was in a position to receive him therefor; that thereupon he caused to be sent to plaintiff a telegram, signed by a mutual acquaintance, as follows:

"Englewood, Ill., April 22, 1905.

*"To Mr. Chas. E. Barker, care of Harnan House, Madison, Wis.:* Will you be in Madison Sunday or will you come to Chicago. Have a man that wants to see you at once. Wire me care Goes Litho. Co. 158 Adams street.

"J. J. HANSBERRY."

Defendant, through negligence, failed and neglected to deliver said message to the plaintiff, whereby the Chicago man, receiving no response, and having transportation for Arizona already purchased, left before plaintiff learned of his desire for treatment or of the sending of the telegram. Had said message been delivered to plaintiff he could and would have gone to Chicago in pursuance thereof, and said Chicago man would have returned with plaintiff and taken a course of treatment, as he had already fully determined to do; that, wholly because of the negligence of the defendant,

this result was prevented, to the pecuniary damage of the plaintiff; and also that the defendant's negligence was gross and malicious, wherefore exemplary damages are also claimed.

For the appellant there was a brief by *Richmond, Jackman & Swansen,* and oral argument by *S. T. Swansen.* They contended, *inter alia,* that the statute makes no distinction between the person sending and the one receiving the message. The liability is "for all damage occasioned by the failure or negligence." Necessarily it is liable in damages to the person damaged. *Fisher v. W. U. Tel. Co.* 119 Wis. 146, 149; *W. U. Tel. Co. v. Dubois,* 128 Ill. 248, 21 N. E. 4, 5; *W. U. Tel. Co. v. Adams,* 75 Tex. 531, 6 L. R. A. 844; *Elwood v. W. U. Tel. Co.* 45 N. Y. 549, 556; *Ellis v. Am. Tel. Co.* 13 Allen, 226. It is not essential in order to maintain this action that the message should show on its face, or the company be otherwise informed, that loss might result from its nondelivery. *Fisher v. W. U. Tel. Co.* 119 Wis. 146, 152, 153; *Brown v. C., M. & St. P. R. Co.* 54 Wis. 342; *McPeek v. W. U. Tel. Co.* 107 Iowa, 356, 78 N. W. 63; *W. U. Tel. Co. v. Wilhelm,* 48 Neb. 910, 67 N. W. 870; 27 Am. & Eng. Ency. of Law (2d ed.) 1025, 1027, 1063, 1064; *Evans v. W. U. Tel. Co.* 102 Iowa, 219, 71 N. W. 219; *Harkness v. W. U. Tel. Co.* 73 Iowa, 190, 34 N. W. 811; *Garrett v. W. U. Tel. Co.* 83 Iowa, 257, 49 N. W. 88; *W. U. Tel. Co. v. Church,* 57 L. R. A. 905; *Postal Tel. C. Co. v. Lathrop,* 131 Ill. 575, 23 N. E. 583; *Bierhaus v. W. U. Tel. Co.* 8 Ind. App. 246, 34 N. E. 581; *Herron v. W. U. Tel. Co.* 90 Iowa, 129, 57 N. W. 696; *Blackburn v. Ky. Cent. R. Co.* 15 Ky. Law Rep. 303; *W. U. Tel. Co. v. Sheffield & Son,* 71 Tex. 570. The weight of authority is that proof may be taken to establish what persons interested in the telegram would have done on the date in question. *Hartstein v. W. U. Tel. Co.* 89 Wis. 531; *Texas & W. T. & T. Co. v. McKenzie,* 36 Tex. Civ. App. 178; *Parks v. Alta Cal. Tel. Co.* 13 Cal. 422;

*Wallingford v. W. U. Tel. Co.* 60 S. C. 201, 38 S. E. 443;
*Hasbrouck v. W. U. Tel. Co.* 107 Iowa, 160, 77 N. W. 1034;
*State Ins. Co. v. Jamison,* 79 Iowa, 245, 44 N. W. 371;
*U. S. Tel. Co. v. Wenger,* 55 Pa. St. 262; *Swan v. W. U.
Tel. Co.* 129 Fed. 318; *McPeek v. W. U. Tel. Co.* 107 Iowa,
356, 78 N. W. 63; *Bierhaus v. W. U. Tel. Co.* 8 Ind. App.
246, 34 N. E. 581; Joyce, Electrical Law, §§ 946, 976–980;
*Fairley v. W. U. Tel. Co.* 73 Miss. 6; *W. U. Tel. Co. v. Mc-
Laurin,* 70 Miss. 26; *W. U. Tel. Co. v. Longwill,* 5 N. M.
308, 21 Pac. 339.    Plaintiff is entitled to recover exemplary
damages.  *Haberman v. Gasser,* 104 Wis. 98, 102; *Pickett
v. Crook,* 20 Wis. 358; *Meibus v. Dodge,* 38 Wis. 300; 27
Am. & Eng. Ency. of Law (2d ed.) 1080; *West v. W. U.
Tel. Co.* 39 Kan. 93; *Willis v. W. U. Tel. Co.* 73 S. C. 379,
53 S. E. 639; *Gulf, C. & S. F. R. Co. v. Levy,* 59 Tex. 542,
46 Am. Rep. 269, 275.

For the respondent there was a brief by *A. G. Zimmerman,*
attorney, *Rufus B. Smith,* associate attorney, and *Geo. H.
Fearons,* of counsel, and oral argument by *Mr. Smith.*  They
contended, *inter alia,* that unless plaintiff's injury was
occasioned in the legal sense by the negligence of the com-
pany there could be no recovery at all; that the damages
claimed were not only remote but speculative, precluding a
recovery, and also incapable of proof.  *Postal Tel. Cable
Co. v. Barwise,* 11 Colo. App. 328, 53 Pac. 252; *Hadley
v. Baxendale,* 9 Exch. 341; *Smith v. W. U. Tel. Co.* 83 Ky.
104; *Taliferro v. W. U. Tel. Co.* (Ky.) 54 S. W. 825; *W. U.
Tel. Co. v. Linn,* 87 Tex. 7; *Chapman v. W. U. Tel. Co.*
90 Ky. 265; *Walser v. W. U. Tel. Co.* 114 N. C. 440, 19
S. E. 366; *W. U. Tel. Co. v. Connelly,* 2 Willson (Tex.) 99;
*Kinghorne v. Montreal Tel. Co.* Allen's Tel. Cases, 98;
*Primrose v. W. U. Tel. Co.* 154 U. S. 1; *Richmond H. Mills
v. W. U. Tel. Co.* 123 Ga. 216, 51 S. E. 290; *Bennett v. W.
U. Tel. Co.* 129 Iowa, 607, 106 N. W. 13; *Duncan v. W. U.
Tel. Co.* 87 Wis. 173; *Fisher v. W. U. Tel. Co.* 119 Wis.

146.   Plaintiff is not entitled to exemplary damages. 12 Am. & Eng. Ency. of Law (2d ed.) 29; *Barber v. Kilbourn,* 16 Wis. 485; *Maxwell v. Kennedy,* 50 Wis. 645; *Schippel v. Norton,* 38 Kan. 567, 572.

DODGE, J.   The liability of telegraph companies for failure to perform their duty to correctly transmit and deliver messages, whether that duty result from a contract or otherwise, has been the subject of a vast amount of litigation and discussion.   One question which has pervaded and confused a considerable majority of the decided cases has been eliminated by our statute, sec. 1778, Stats. (1898), making them "liable for all damages occasioned" by failure or negligence in performance of that duty.   That statute, last carefully construed in *Fisher v. W. U. Tel. Co.* 119 Wis. 146, 96 N. W. 545, has removed, as a condition of liability, all necessity that the telegraph company should have had in contemplation, or had any notice or suggestion of probability of, such damages as are in fact occasioned.

"It is only necessary as to any particular result that it shall have been a natural consequence of the injury, having regard to the usual course of nature and of cause and effect in line of unbroken physical causation." *Fisher v. W. U. Tel. Co., supra,* p. 153.

We are therefore absolved from consideration of whether there was anything upon the face of this telegram to suggest that loss of the character claimed would be suffered by reason of nondelivery.   Indeed, counsel frankly concede this, as also that, upon the allegations of the complaint, a legal wrong was done plaintiff when defendant in breach of its duty, hence wrongfully, deprived him of the information conveyed by the telegram; and that such wrong would be actionable if any injury can be shown to have resulted with reasonable certainty and beyond mere conjecture.

The concrete question with which we are confronted,

therefore, is whether under the allegations of this complaint it is conceivable that evidence may be given that might satisfy a jury, not by conjecture, but by reasonable inferences from established facts according to the known course of nature and human nature, that plaintiff would have made pecuniary gains if he had received the telegram, and was prevented from so doing solely by its nondelivery without any intervening independent cause. We may concede that he cannot establish this by his testimony directly that he would have done one thing or another, because that would be merely expressing his opinion upon the very question of inference which the jury must answer if it is capable of answer at all. *Hill v. Am. S. Co.* 107 Wis. 19, 29, 81 N. W. 1024. But might not facts consistent with the allegations of the complaint be established so that the jury might legitimately infer a probable course of conduct? The law is full of illustrations based upon inferences as to future conduct, some so plain that they may be drawn without evidence by application of mere common knowledge of human and natural tendencies, others needing the aid of evidence as to custom, interest, or formed intent, and the like. *Allison v. Chandler,* 11 Mich. 542, 555. Thus in *Hill v. Am. S. Co.* the inference as to what insurance companies would have done but for the negligence which denied them the opportunity was sustained by the proof of their custom under similar circumstances. Loss of earnings resulting from tortious injury can be established only by inference that the injured person would work. 1 Sedgwick, Dam. (8th ed.) § 180. Loss of profits can be established by inference from previous course of business. 1 Sedgwick, Dam. (8th ed.) § 182. In *Derry v. Flitner,* 118 Mass. 131, defendant wrongfully occupied a place of shelter to which plaintiff's vessels were entitled. Two of the latter were exposed to and sunk by storm. The court sustained inference that but for defendant's wrong they would have been in the place of safety. Damages for sales

induced by tort are allowed merely on proof that sales *could* have been made at higher prices, the inference being drawn without evidence that plaintiff would have so sold. *Pepper v. W. U. Tel. Co.* 87 Tenn. 554, 11 S. W. 783; *Potter v. Necedah L. Co.* 105 Wis. 25, 80 N. -W. 88, 81 N. W. 118. On the inference that a minor child would assist needy parents after majority damages are allowed. *Potter v. C. & N. W. R. Co.* 21 Wis. 372. Such illustrations of the drawing of inferences as to what would have happened but for wrongful prevention might be multiplied without limit. No good reason is apparent why the same principle of reasonable probability may not be shown against a telegraph company which wrongfully withholds information as well as in the ordinary run of cases, and yet there are several cases cited by the respondent which exclude damages in such case which would be considered entirely relevant if they resulted from a conspiracy or trespass. An examination of these cases, however, will show almost uniformly that the matter is complicated by the application of the rule in *Hadley v. Baxendale,* 9 Exch. 341, which requires the damages to have been within the reasonable contemplation of the parties, a rule which, as stated, has no application to the present case. The plaintiff here is entitled to damages the same as if he were intercepted after he had received this telegram by an assault or other tort which disabled him from acting in response thereto. The complaint alleges him to have been building up a practice in Chicago. That is a fact, of course, if it can be proved. He was invited to come to Chicago to see a man professionally. Is it beyond the realm of reasonable inference that he would have responded to this call? Again, it is alleged that the patient in Chicago had fully determined to take treatment with him. Such an intent already formed is a fact just as much as any other physical fact. 1 Jones, Ev. § 167; *Bowe v. Gage,* 127 Wis. 245, 106 N. W. 1074. Nothing is better established in the law than

that when a settled design is proved to exist, it is a legiti-
mate inference that it will be persisted in and acted upon,
unless it appear that there is some supervening obstacle.
1 Wigmore, Ev. §§ 102, 112.  We think such fact, if estab-
lished, sufficient to justify reasonable inference that he would
have taken treatment with plaintiff.  Of course the fact that
plaintiff would have made gains from such treatment could
be proved if it is not inferable without proof.  The trial
court in his opinion conceded that, if the telegram would
have either made a contract or enabled plaintiff to make one
by his own act, then such a degree of certainty of conduct
would be attained as might justify recovery.  This assumes
the fallacy that the obligation of a contract is the only prov-
able motive sufficiently certain to affect human conduct to
justify the inference that it would do so.  This is, of course,
not true, for the great majority of human acts follow other
motives and obligations quite as surely.  A man threatened
with death and offered an escape has as strong motive to
grasp at it as if he had previously contracted to do so.  A
struggling physician or lawyer tendered a fee needs no con-
tract to induce him to accept it.  While the law undoubtedly
takes special cognizance of contract duties, and does infer
that they will be performed in absence of any showing to the
contrary, it equally as well infers that other motives will
induce people to act.  But even on this narrower ground of
contract we think there is enough alleged in the complaint to
enable proof that plaintiff would at least have earned com-
pensation for the journey for consultation.  It is alleged that
this telegram was sent to plaintiff at the request of the pros-
pective patient.  If so, why would not the party have been
bound to pay for a professional response thereto?  Our
attention is of course urged to *Fisher v. W. U. Tel. Co.* 119
Wis. 146, 96 N. W. 545, as an illustration of the exclusion
of damages as too uncertain.  There, it must be borne in
mind, the court had before it all the evidence.  Here we have

merely a complaint which must be construed most favorably to the plaintiff, and we must consider the case upon the most favorable state of evidence possible under it. In the *Fisher Case* the parties by virtue of the telegram merely severed all negotiation, and it was held that it was entirely problematical on the proof whether they would renew negotiation or not. Here the telegram invited relations and contact, and, if it can be proved under the rules above stated that the result of such contact would have been the gaining of profits by the plaintiff, we are satisfied that he should be given an opportunity to prove it. This, we think, is in accordance with the great weight of authorities elsewhere, except as they are permeated, and the view of the court controlled, by the rule that the results must have been within contemplation. We shall not extend this opinion by a review of those cases. Suffice it to cite a few of them: *W. U. Tel. Co. v. Collins,* 45 Kan. 88, 96, 25 Pac. 187; *W. U. Tel. Co. v. Landis* (Pa.) 12 Atl. 467; *W. U. Tel. Co. v. McLaurin,* 70 Miss. 26, 13 South. 36; *Hasbrouck v. W. U. Tel. Co.* 107 Iowa, 160, 77 N. W. 1034; *McPeek v. W. U. Tel. Co.* 107 Iowa, 356, 78 N. W. 63; *Texas & W. T. & T. Co. v. McKenzie,* 36 Tex. Civ. App. 178, 81 S. W. 581; *Parks v. Alta Cal. Tel. Co.* 13 Cal. 422; *Wallingford v. W. U. Tel. Co.* 60 S. C. 201, 38 S. E. 443, 629; *Swan v. W. U. Tel. Co.* 129 Fed. 318.

*By the Court.*—Order appealed from is reversed, and cause remanded with directions to overrule the demurrer.