Stumm, Respondent, vs. Western Union Telegraph Company, Appellant.

*October 8—October 26, 1909.*

*Telegraphs: Negligence: Nondelivery of message: Loss of contract: Damages: Future profits: Instructions to jury: Proximate cause: Appeal: Assignments of error: Evidence: Letters: Copies.*

1. Damages for loss of profits from a prospective contract of employment which was not secured because of defendant's negligent failure to deliver a telegram apprising plaintiff of the opportunity to close such contract, are not too speculative to be recovered.

2. In an action for damages for wrongful conduct preventing plaintiff from obtaining employment the reasonable value the contract would have netted to him had the breach of duty not occurred is the measure of damages, provided the evidence presents a fair basis for determining such value with reasonable certainty.

3. In an action against a telegraph company for damages caused by failure to deliver a telegram, an instruction that, in order to find that plaintiff lost a contract of employment by such nondelivery, the jury must be satisfied that the person sending the telegram had authority from the alleged employer to make such contract, did not invade the province of the jury and was not erroneous, there being evidence of such authority.

4. An instruction giving correctly the definition of proximate cause in the abstract was not erroneous because not phrased to fit the particular facts of the case, where no different or further instruction was requested.

5. Assignments of error on the admission of evidence will not be considered where the particular portions claimed to have been improperly admitted are not pointed out and the pages of the printed case referred to generally do not contain the evidence claimed to be incompetent.

6. A letter on one of the regular letterheads used by the alleged writers, which the addressee testified was received directly from them, was properly admitted in evidence though marked "copy" and signed with a stamp instead of in writing.

Appeal from a judgment of the circuit court for Waukesha county: Martin L. Lueck, Circuit Judge. *Affirmed.*

Action to recover compensation for damages claimed to

have been caused by negligence in failing to send and deliver a telegram.

Plaintiff applied by letter for employment as a second miller in a mill in Venezuela. He addressed the letter to a firm in New York in response to an advertisement inviting applications for the place. In due time he received an answer, through Allis-Chalmers Company of Milwaukee; stating that they were empowered in the matter and stating such things as he would likely wish to know before engaging, requesting a reply as to his experience, and informing him that, if they should engage him, a visit to them before going to take the place would be required. In due time he returned a satisfactory reply. Thereupon they wrote again, specifying the wages offered, stating that expenses both ways would be paid, and that, if the terms were satisfactory, they would probably have him come to Milwaukee to arrange details. Plaintiff responded accepting the terms. He soon thereafter wrote again. Two days later they telegraphed him to come to Milwaukee to make a contract. The message was duly received by defendant at its main office in Milwaukee and put on the wire. It went first to the Chicago office, then to the St. Louis office, where it was delivered to a sixteen-year-old female operator for transmission to the point of destination, Staunton, Illinois. It did not reach there or plaintiff. About three weeks thereafter plaintiff gave up the position he had, supposing he was going to obtain the place for which he had applied, and went to Milwaukee to see about it. The Allis-Chalmers Company, not hearing from plaintiff, had entered into negotiations with another man in respect to the matter, whom they employed. Plaintiff stood ready to take the place on the terms that had been stated to him, but was unable to secure it for the reason indicated. They waited some two weeks to hear from plaintiff before entering into negotiations with the other man for the place. The employment of such other was ratified by the principals in New York. Plaintiff

had been out of employment, at the time of the trial, some nine months.

Defendant's explanation, in respect to failure to send and deliver the telegram, was that it occurred by reason of strike disturbances and interferences which ordinary care on its part under the circumstances could not have prevented; that after some delay the operator at St. Louis got a response to the call for the Staunton office, whereupon the message was put upon the wire and its receipt, as appeared, was duly signaled back.

There was a motion for a directed verdict in defendant's favor. After the verdict various motions were made on behalf of defendant and denied, which will be referred to in the opinion so far as necessary. The jury found specially that the message was delivered to defendant to be sent plaintiff under the circumstances before detailed; that plaintiff failed to obtain the situation he applied for because of negligent failure of defendant to transmit to him and deliver such message; that the failure was not solely due to strike disturbance and that plaintiff was damaged by defendant's neglect in the sum of $800. Judgment accordingly was rendered in plaintiff's favor.

For the appellant there was a brief by *Miller, Mack & Fairchild,* attorneys, and *Tullar & Lockney* and *George H. Fearons,* of counsel, and oral argument by *A. W. Fairchild.*

*James D. Shaw* and *Oscar W. Kreutzer,* for the respondent.

MARSHALL, J. The court is of the opinion that the judgment must be affirmed.

The questions raised are of such nature that it is not thought best to write any extended opinion in respect to them.

The damages claimed are not fatally speculative. The question on that subject is ruled in respondent's favor by *Barker v. W. U. Tel. Co.* 134 Wis. 147, 114 N. W. 439, and similar authorities.

There was sufficient evidence to carry the case to the jury as to each inquiry in the special verdict. It seems needless to review the record and point out that which was competent as to each particular subject and the reasonable inferences therefrom. If the jury were warranted, in any reasonable view of the case as it was submitted to them, in reaching the conclusions embodied in the special verdict, that ends the matter as regards the facts.

It is contended that the court should have charged the jury, as requested, that respondent was not entitled to recover, in any event, on account of wages which he would have earned after May 20, 1908 (which is about the date of the trial), had the telegram been delivered and he had secured the employment to which it related. Counsel in that is misled by the law in respect to recovery on an employment contract in case of a wrongful refusal of the employer to carry out the agreement. Then wages lost are only recoverable up to the time of the trial. This is not such a case. It is an ordinary action for damages for wrongful conduct preventing respondent from obtaining employment. In such a case the reasonable value the contract would have netted to the person injured had the breach of duty not occurred is the measure of damages. It is within the rule for the recovery of future gains prevented so far as a fairly reasonable basis can be found for determining them with reasonable certainty, found in *Salvo v. Duncan,* 49 Wis. 151, 4 N. W. 1074; *Treat v. Hiles,* 81 Wis. 280, 50 N. W. 896; *Forster, W. Co. v. F. MacKinnon Mfg. Co.* 130 Wis. 281, 291, 110 N. W. 226; *Richey v. Union Cent. L. Ins. Co., ante,* p. 486, 122 N. W. 1030. The rule was applied in *Barker v. W. U. Tel. Co.* 134 Wis. 147, 114 N. W. 439.

Error is assigned because the court charged the jury:

"And in order that you may" find that plaintiff lost the situation in question by reason of nondelivery of the telegram, "you must be satisfied and convinced by a preponder-

ance of the evidence that Allis-Chalmers Company had authority from De Sola Bros. and Pardo to enter into a contract of employment for them with the plaintiff."

It is argued that the instruction involved a suggestion that it was competent for the jury to so find from the evidence, whereas there was no evidence of authority on the question. The mere submission of the question to the jury without any instruction whatever would have involved a suggestion that there was room in the evidence for a finding either way. Upon no other theory was there a jury question on the subject. To merely say what was said to the jury did not invade their province in the slightest degree. Counsel is wrong in the claim that there was no evidence on the question. The fact that the letter written by respondent was answered through Allis-Chalmers Company suggested, quite strongly, that it was authorized to arrange for a person to fill the situation. The further fact that the company did so and their action was ratified by the New York parties who advertised, inviting applications for the situation, was almost if not conclusive evidence of authority. On the whole there was ample to go to the jury in respect to the matter.

Other objections to the trial court's instructions are suggested, predicated on the theory of want of evidence to send the questions to which such instructions relate to the jury. We will not discuss them in detail. They are all sufficiently answered by what has been said.

Exception is taken to the court's definition of proximate cause. Such exception is without merit. The language used informed the jury of what proximate cause is in the abstract and they doubtless took it that way. It was copied substantially *verbatim* from *Deisenrieter v. Kraus-Merkel M. Co.* 97 Wis. 279, 72 N. W. 735, which has been approved by this court in decisions found in every volume of our reports for the past twelve years. As has often been said, what constitutes proximate cause in the law of negligence is one thing;

what constitutes the proximate cause in the given case is another. The former is matter of law for the court; the latter is matter of fact for the jury to find under proper instructions, which it is obligatory for the court to give when suitably requested and which, generally speaking, ought to be given whether requested or not, where the subject is involved, but may be omitted without commission of harmful error, if error at all, in case a proper request is not made. The court here gave correctly the definition of proximate cause. True, it were better if it had been phrased to fit the particular facts of this case, but no request was made for any different or further instruction.

Several other exceptions to the trial court's instructions are urged upon our attention and all have received consideration. It is considered that such exceptions do not merit discussion in detail. We are unable to discover fatal error in any of them, or anything worthy of criticism or extended notice.

Error is assigned because the court permitted the evidence to be introduced of one Harrison, who acted for Allis-Chalmers Company in hiring a miller for the Venezuela parties after failing to secure the services of respondent. The particular portions of the evidence claimed to have been improperly admitted are not pointed out. Pages 33 and 34 of the printed case are referred to generally, which we do not find to contain evidence given by Harrison. It contains evidence given by one Hoppin. The assignment of error is presented in such a way that it cannot be considered. Probably, in any event, the evidence counsel had in mind was either proper or not harmfully improper, since the fact appears, by competent evidence, that the Allis-Chalmers Company in fact did secure a miller for the Venezuela mill, and he was accepted. That was the material circumstance going to show authority of the company and probability that respondent through it would have obtained the place but for the negligence complained of.

Error is assigned because the court admitted in evidence

what purported to be a copy of a letter written from New York by the principals in employing the miller to Mr. Harrison of the Allis-Chalmers Company, at Milwaukee, thanking the company for friendly assistance in securing one. The copy was on one of the regular letterheads used by the New York parties and the addressee testified that it was received directly from them. Under those circumstances it. seems the paper, though marked "Copy" and though signed with a stamp instead of in writing; was competent as a circumstance bearing on whether the Allis-Chalmers Company was authorized to act in securing a miller for the Venezuela mill.

Some other rulings on the admission and rejection of evidence are discussed by counsel, which do not seem to have harmfully affected the appellant in any reasonable view of the case.

*By the Court.*—Judgment affirmed.