### BLAISDELL *versus* LEWIS.

No action can be maintained for the breach of a contract to employ the plaintiff, at stipulated daily wages, unless there was some stipulation as to the length of time, for which the employment should continue.

EXCEPTIONS from the District Court.

Assumpsit for refusing to employ the plaintiff at certain daily wages according to contract.

The evidence tended to show that, by parole, it was agreed that the defendant would hire the plaintiff to labor for the defendant at Hallowell, but nothing was stipulated as to the continuance of the service. After the contract was made, the plaintiff, who resided at Bath, received a letter from the defendant, notifying that the defendant had postponed the time for the plaintiff's coming to Hallowell, till further notice. The plaintiff never went to Hallowell.

The Judge instructed the jury that, "if they should be satisfied from any evidence in the case that Lewis, after Blaisdell had notified him that he was ready to enter upon the execution of his contract, had informed Blaisdell that he would not be employed, and plaintiff had suffered damage, then they would render a verdict for the plaintiff, though he had never gone to Hallowell; — and further that, if they should be satisfied from the evidence, that Blaisdell did not go to Hallowell, but remained at Bath for any time at the request of Lewis, and for his accommodation, they would be authorized to give to the plaintiff the difference between what, under the contract, he might have earned during that time, and what, with the

exercise of due diligence, he might have earned in other employment.

The verdict was for the plaintiff, and the defendant excepted.

*Paine*, for the defendant.

*Gilbert*, for the plaintiff.

There was no waiver by the plaintiff of his right to be employed. But he was ordered by the defendant not to go to Hallowell.

The instruction was therefore uncalled for and irrelevant.

The only question is, whether such instructions can operate to the injury of the plaintiff.

WELLS, J., orally. — An infirmity in this contract is, that it fixed no time during which the plaintiff's services should be rendered to the defendant. Suppose the plaintiff had gone to Hallowell, and tendered his services, there was nothing to prevent the defendant from discharging him at the end of a single day. In such a contract there is no value.

*Exceptions sustained.*