FRED S. MERRILL *vs.* WESTERN UNION TELEGRAPH COMPANY.

Androscoggin.    Opinion January 19, 1886.

*Telegraph companies.   Defeasible contracts.   Damages.*

A verbal contract that the plaintiff should labor for a manufacturer at two dollars and twenty-five cents per day, commencing Monday, September 1st, but for no stipulated period, is defeasable at the will of either party, and a telegraph company is liable, for nominal damages only, in not delivering a

telegram to the plaintiff, seasonably notifying him of the terms of the contract, whereby he lost all benefit from it.

ON report of facts agreed.

Action on the case for negligence of the defendant company in not delivering a telegraph dispatch to plaintiff, alleging special damage. The writ was dated December 18, 1884. The essential facts are stated in the opinion.

*Savage and Oakes*, for the plaintiff.

The plaintiff had entered into a legal contract. Had he presented himself Monday, September 1, 1884, at the shop of the man who had agreed to employ him and been refused employment, is there any doubt that he could have recovered damages for the failure?

The contract for future employment for an indefinite time is recognized as a legal contract in various cases. It has a value. It is assignable. 7 Met. 335 ; 5 Gray, 49-50. Undoubtedly an assignment of such a contract, or the wages to be earned under it, would be a valid consideration for a promise by the assignee. By reason of the negligence of the defendant, therefore, the plaintiff lost a contract of value to him, one for the breach of which he could have recovered compensation, the profits of which he could sell before he had performed the work.

The damage was the direct consequence of the defendant's negligence, as directly the consequence as was the damage in the cases, *True* v. *International Tel. Co.* 60 Maine, 9, and *Bartlett* v. *West. Un. Tel. Co.* 62 Maine, 209. In those cases there was loss of an opportunity to take advantage of a market and purchase at low prices. In this, a loss of an opportunity to fulfil a contract.

It will of course be argued in defense that the damage was only nominal since the contract was not for a fixed time and might possibly have been terminated the very day plaintiff commenced work.

One of the leading cases on the question of damages for loss by reason of breach of contract is *Masterton* v. *Mayor of Brooklyn*, 7 Hill, 61. In this case it is held that a right to

damages equivalent to the profits to be earned by the faithful execution of a fair contract, results directly and immediately from the act of the party who prevents the contract from being performed. 42 Am. Dec. 38; 7 Cush. 523; 115 Mass. 298.

In case of wrongful attachment of property whereby the business of a firm was injured, damages for loss of probable profits were allowed. 13 Ala. 160; 48 Am. Dec. 59. So in an action by a physician for damages, he was allowed to show as elements of damage the nature of his business, and its extent, and the compensation usually paid to persons doing such business for others. 41 Am. Rep. 21.

The plaintiff, by reason of losing this contract, was altogether out of employment until November 17, 1884, a space of seventy-seven days, and from that time till February 17, 1885, a space of ninety-two days, was employed at the rate of one dollar and. twenty-five cents a day.

*Baker, Baker and Cornish,* for the defendant, cited : *Miller* v. *Mariner's Church,* 7 Maine, 51; *Hadley* v. *Baxendale,* 9 Exch. 341; *Squire* v. *Western Union Tel. Co.* 98 Mass. 232; *Western Union Tel. Co.* v. *Graham,* 1 Col. 230; *Leonard* v. *Telegraph Co.* 41 N. Y. 544; *Hamlin* v. *G. N. Ry.* 1 H. and N. 408; *Lane* v. *Montreal Tel. Co.* 7 Up. Can. C. P. 23; *Reliance Lumber Co.* v. *Tel. Co.* 58 Tex. 394; *1st Nat'l Bank* v. *Tel. Co.* 30 Ohio St. 555; *Berry* v. *Dwinel,* 44 Maine, 255; *Ripley* v. *Mosely,* 57 Maine, 76; *True* v. *Int. Tel. Co.* 60 Maine, 9; Gray, Communication by Tel, § 82; *Melchert* v. *Am. Un. Tel. Co.* 11 Fed. Rep. 193; *Kinghorne* v. *Montreal Tel. Co.* 18 Up. Can. Q. B. 60; *Beaupre* v. *Pacific Tel. Co.* 21 Minn. 155; 2 Thompson, Neg. 853; *Western Union Tel. Co.* v. *Connelly,* Chicago Leg. News, March 29, 1884; *Blaisdell* v. *Lewis,* 32. Maine, 515; *Griffin* v. *Colver,* 16 N. Y. 489.

HASKELL, J. Damages are sought for the inexcusable non-delivery of a telegram, whereby the plaintiff was prevented from performing his contract to labor.

The plaintiff's agent completed a verbal contract, that the plaintiff should labor for a manufacturer at two dollars and

twenty-five cents per day, commencing Monday, September 1, and seasonably required the defendant to transmit a message to the plaintiff, notifying him of its terms. The message was not delivered in season for the plaintiff to begin his work as stipulated, and thereby he lost his employment. The defendant denies liability beyond nominal damages.

The contract was defeasible at the will of either party. How then, can any substantial damage be measured? Had the engagement to employ the plaintiff been for a stipulated and definite period, not over one year, the plaintiff would have a right to demand damages that could be definitely measured and assessed. He would then have been entitled to enjoy the fruit of his labor during the time of his engagement; but under the terms of the contract in proof, he was liable to be dismissed from his employment as soon as he had entered upon it, and it can not be known what damages he has suffered in the premises. The plaintiff must prove his damages before they can be assessed. The case fails to show facts that warrant greater than nominal damages. *Miller* v. *Mariner's Church*, 7 Maine, 51; *Blaisdell* v. *Lewis*, 32 Maine, 515; *True* v. *Int. Tel. Co.* 60 Maine, 9; *Griffin* v. *Colver*, 16 N. Y. 489.

*Defendant defaulted for one dollar.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and FOSTER, JJ., concurred.