WESTERN UNION TELEGRAPH CO. *v.* W. K. McLAURIN.

1. TELEGRAPH COMPANIES. *Sunday message. Failure to transmit. Code* 1880, § 2949.

A telegraph company accepting for transmission on Sunday, and receiving pay for sending, a message which requests the presence of a lawyer whose services are urgently required in a criminal case, is liable in damages for a failure seasonably to transmit and deliver it. That the transaction is violative of the Sunday law, § 2949, code 1880, is no defense.

2. SAME. *Recovery by sendee. Damages.*

In such a case the *sendee* may sue, and is entitled to recover the statutory penalty, and also, as damages, the fee he would have earned had the message been seasonably delivered, the nature and urgency of the message appearing on its face.

FROM the circuit court of Warren county.

HON. JOHN D. GILLAND, Judge.

One Metcalf killed Dwyer, in the town of Cleveland, Miss., on Sunday, July 19, 1891. His preliminary trial before a magistrate was fixed for ten o'clock the next morning. One Julias A. Robinson, a lawyer living at Cleveland, at four o'clock Sunday afternoon, delivered to the operator of appellant at that place a message, addressed to appellee, W. K. McLaurin, a lawyer, at Vicksburg, Miss., in the following words: "Metcalf killed Dwyer. Come on first train. Good fee for defense."

The sending of the message was authorized by Metcalf, who desired the services of McLaurin in his defense at the preliminary trial the next morning. McLaurin was in Vicksburg, and if the message had been promptly delivered he could have gone to Cleveland on the night train; but it was not delivered until the next morning, and then it was too late to get a train to reach Cleveland in time for the hearing. He went, however, by a freight-train, but reached Cleveland too late for the trial. He testified that Metcalf was offended

because of his failure to arrive in time, and refused to employ him.   He had waived examination, and was admitted to bail before McLaurin arrived.   Robinson testified that he refused, because of his want of experience, to represent Metcalf at the hearing.   The telegraph company kept open an office on Sunday at Cleveland and at Vicksburg, and was paid for the transmission of the message in question.   It does not appear that the operator was informed that the trial would take place the next morning, or knew that Metcalf had authorized Robinson to send the message, or that Metcalf would be unrepresented if McLaurin should not reach Cleveland in time. McLaurin sued the company for $25, the statutory penalty for failure to deliver the message, and also for $150, damages for the loss of the fee on account of such failure.   The defendant prevailed in the justice court, and McLaurin appealed to the circuit court.   On the trial in that court, the above facts substantially were shown, and the following instructions were given on behalf of the plaintiff:

"If the jury believe from the evidence that the delivery of said telegram was a work of necessity, then it was the duty of the defendant company to use reasonable diligence to deliver the telegram read in evidence, to the plaintiff; and if it failed in this, the plaintiff is entitled to a verdict for such damages as the jury believes, from the evidence, he has sustained, in addition to the penalty provided by law, which is $25.

"If the jury believe, from the evidence, that the transmission and delivery of said telegram was a work of necessity, and that the defendant company received the telegram read in evidence, at its office in Cleveland, Miss., at or about the hour of four o'clock P.M., on the nineteenth day of July, 1891, and neglected to transmit and deliver the same, within a reasonable time, to the plaintiff, W. K. McLaurin, at Vicksburg, without good and sufficient excuse, then the plaintiff is entitled to a verdict for the statutory penalty of $25, without regard to the amount of the damage sustained; and any

and all additional damages which the jury may believe, from the evidence, the plaintiff has sustained.

"The defendant is charged, in law, with notice of all the telegram shows upon its face, and of its importance, if such fact appears therefrom, and the necessity, if any, for imme-. diate delivery, if such necessity appears therefrom.

" If the defendant was negligent in the delivery of the telegram, and if such delivery was a work of necessity, the plaintiff is entitled to a verdict. Negligence is the want of ordinary care. What would be ordinary care in one case might not be in another; and in determining whether defendant used due care or not from the reception of the telegram until its delivery, the jury may take into consideration the character of the telegram, the distance from Cleveland to Vicksburg, the location of plaintiff's office and bed-room, and all other facts established by the evidence which will shed any light on this subject."

'A motion to rule out all the testimony and instruct the jury to find for defendant, having been overruled, the following instruction was given at the instance of defendant:

"The court instructs the jury for defendant, that, as the telegram to plaintiff was sent on Sunday, he cannot recover from defendant, unless they believe, from the evidence, that it was a work of necessity, and, unless they believe, from all the evidence in the case, that it was apparently necessary for Metcalf to have the services of McLaurin on Monday, then they will find a verdict for the defendant."

Verdict and judgment in favor of plaintiff for the sum of $125, damages, and $25, statutory penalty. Motion for new trial overruled. Defendant appeals.

*Mayes & Harris*, for appellant.

1. It does not appear that any of the circumstances attending the transaction were made known to the company. It was not informed as to the time of the trial, or that Metcalf

had authorized the sending of the message, or that he would be unrepresented if McLaurin failed to go.

2. The transaction occurred on Sunday, and neither Metcalf nor McLaurin have any legal remedy. The case does not come within the exception to the Sunday statute,. § 2949, code 1880. Railroads and steam-boats are expressly excepted, but telegraph companies are not. Therefore, all business done by them on Sunday is in violation of law, unless it comes within the language of the statute—" other work of necessity or charity."

Contracts made on Sunday are void. 5 Lawson's Rights, Rem. & Prac., p. 4025, § 2411. Such is the law of this state. 7 How., 14; 7 Smed. & M., 389; 24 Miss., 9; 26 *Ib.,* 627; 41 *Ib.,* 142, 240; *Black* v. *McMurray,* 56 *Ib.,* 217. It has been held in Missouri and Indiana that a telegraph company is liable for the failure to transmit telegrams on Sunday, where the same is a work of necessity or charity. The statutes of those states, unlike ours, make no exception in favor of railroads and steam-boats. As we have such exception which does not include telegraph companies, it might well be insisted that all telegraphing in this state on Sunday is illegal. However that may be, sending the message in this instance was not a work of necessity. In the reported cases the necessity always has been that of the sender of the message, the party with whom the contract is made. Here it is not insisted that there was any necessity so far as McLaurin was concerned. If it be true that this was a work of necessity as to Metcalf, and he was injured by the delay, he could sue. But, because it was a work of necessity as to him, does not make it so as to McLaurin. The telegram from one lawyer, informing another that he could make a fee by going to a certain place is not work of necessity.

3. The courts have not undertaken to say, as a matter of law, what are works of necessity. Each case depends on its own facts. But when the facts are undisputed, as here, it is a question for the court and not for the jury. On this point

see Gray's Tel. Com., p. 25, note; Thompson on Electricity, § 166, *et seq.;* 78 Ind., 169; 118 *Ib.,* 248; ·32 Mo. App., 191; 39 *Ib.,* 599.

4. *Allen* v. *Telegraph Co.,* 66· Miss., 549, holding that the sendee may recover, is not applicable, for there the Sunday law was not involved. Here there was no actual necessity as to Metcalf, and if he had really needed the services ˙of McLaurin, the telegraph company was not apprised of the fact; nor did it know that the trial was to be hurried. It had no notice of any thing except sending the message. On this point see 118 Ind., 248.

5. Even if the penalty is recoverable, there was no right to recover any thing on account of a supposed fee. The evidence is wholly insufficient as to this.

*Dabney & McCabe,* for appellee.

It is not necessary to maintain that the defendant, by keeping open office on Sunday, receiving telegrams and pay for sending them, is liable in damages for failing to perform the duty. The case falls clearly within the exception to § 2949, code 1880, and it is for the jury to determine the question of necessity.

But, if it be a question of law for the court, plaintiff's right to recovery is clear. The exception in the statute does not include merely absolute necessity, or moral fitness or propriety of the work. 59 Ind., 416; 79 *Ib.,* 393; 118 *Ib.,* 248; 56 Md., 209; 39 Mo. App., 599; *Hennersdorf* v. *State* (Texas), 8 S. W. Rep., 926; *Telegraph Co.* v. *Griffin* (Ala.), 9 So. Rep., 414.

Argued orally by *J. B. Harris,* for appellant.

CAMPBELL, C. J., delivered the opinion of the court.

If the view of the Sunday law held by the courts of Indiana and Missouri, and cited by counsel, is to prevail in this state, this case would seem to have been given to the jury

with proper directions; and although the jury did not regard *necessity* with reference to work lawful on the Sabbath day, commonly called Sunday, in the sense with which that term was employed in framing the ".Shorter Catechism," wherein it tells *how the Sabbath is to be sanctified,* neither did the courts mentioned, but they recognized an enlarged meaning of necessity so as to embrace *social* necessity, and admitted, as an exception, messages under circumstances which, in our opinion, did not create as great a necessity as disclosed by this case.

It is argued that the *necessity* must be that of the sender, and not the sendee. Our understanding of the cases cited is that the *necessity* or *charity* of the act takes it out of the prohibition of the law, and then all the legal consequences of the act on any secular day will follow as to the rights and liabilities of the parties. We do not commit ourselves to the view held by the cases cited, nor do we express any dissent from them.

It may be that the true view is that if a telegraph company should, in a spirit of piety or regard for the law, refuse to receive a message for transmission on Sunday, and was sued for that, and invoked the law of God and the state as a defense, it would find this ample protection against a claim for damages; but that the piety which admits of open offices and receipt of messages and pay for their dispatch on Sunday, should be equal to the duty of transmission and delivery, as on other days; and that the sendee, whose right of action rests not on contract, but on breach of duty, may recover, without regard to the day. We do not commit ourselves to this view now, as the case does not call for it. In either view of the law, the appellant has no just cause to complain of the action of the court below, and the judgment will be                                        *Affirmed.*