SAVANNAH, FLORIDA AND WESTERN RAILWAY COMPANY, PLAINTIFF IN ERROR, vs. WILLIAM E. WILLETT, DEFENDANT IN ERROR.

A declaration upon which a plaintiff founds his right of recovery, must allege every fact that is essential to his right of action; and when in an action for breach of contract to employ, the declaration does not state the duration of plaintiff's employment, nor facts from which it may be inferred, or shows it to be indefinite, or to be discretionary with either party, it must be taken as an employment at will, terminable by either party, and if either party terminates it no action can be mainaned by the other party for a breach of such contract because of such termination.

Writ of Error to the Ciruit Court fo Orange County.

*Statement.*

William E. Willett, as plaintiff, brought suit in the Circuit Court of Orange county, Florida, against the Savannah, Florida and Western Railway Company. On the sixth day of February, 1896, the plaintiff filed his declaration stating that, being in the employment of the Jacksonville, St. Augustine and Indian River Railroad Company as a conductor, he was desirous of bettering his condition in life, and of getting larger pay; that he had previously applied to the South Florida Division of the Sav., Fla. & W. Ry. Co. for employment as conductor: that the defendant company asked him to make formal application, and that he did so, telling them in that application that he was employed by the J., St. A. & I. R. R.

Co., and that his sole object in leaving said company and seeking employment from defendant was to better his condition in life; that defendant informed the plaintiff it would give him employment as conductor if he would report at once for duty; that thereupon the plaintiff in compliance with the notice from the defendant, tendered his resignation as conductor on the J., St. A. & I. R. R. R. Co., and being relieved from duty proceeded to Sanford and reported to the defendant corporation, and was agreed to be employed by the proper officer of the defendant corporation, and instructed to proceed on the line of the defendant's road and to study the same, and to be examined, and was then and there assigned to a route on the S. S. O. & G. Ry. branch of the defendant corporation in the State of Florida; that in pursuance of said instructions, and agreement for employment he left Sanford on defendant's train for the purpose of entering on said duties, and on arriving at Kissimmee received a telegram from defendant corporation instructing him to return to Sanford, and on returning, he was informed by the proper officer of said corporation that it would not employ him, as it had agreed to, unless the plaintiff could procure a release or recommendation from the J., St. A. & I R. R. R. Co., which release or recommendation the defendant corporation had not demanded or required from the plaintiff at the time the defendant agreed to employ him; that at the time the defendant agreed to employ him, the defendant well knew he was employed by the J., St. A. & I. R. R. R. Co., and had sought employment from the defendant for the purpose of bettering his condition in life, and receiving increased remuneration for his services: that the defendant utterly failed and refused to carry out its agreement of employment, although he was ready, and

had always been ready, to proceed to work, and although the plaintiff was and is an experienced railroad man, having had nineteen years' experience, and having well and faithfully performed his duties as such on every railroad on which he was employed, and the plaintiff having been induced to resign and surrender the position he held as conductor on the J., St. A. & I. R. R. R. Co., and whereby, and by refusal of the defendant to carry out its agreement to employ him, he, although diligently seeking employment, was thrown out of and deprived of employment for the space and term of twelve months, and was unable to procure employment from any other railroad during said period of time, to the damage of the plaintiff in the sum of $1,500, wherefore he sues and claims $1,500 damages.

On April 13th, 1896, the defendant corporation filed a demurrer to the declaration stating the following, among other grounds:

1st.  That it does not set forth such facts as authorize recovery on the part of the plaintiff.

4th.  That it does not show that the defendant agreed to employ the plaintiff for one year, or any specified time.

5th.  That it did not show what the plaintiff claimed was to be paid either monthly, quarterly or yearly.

The demurrer was verified, and the plaintiff joined issue thereon on April 16th, 1896.  On a hearing of the demurrer on August 25th, 1896, it was overruled, and defendant allowed till the fifteenth of September, 1896, to plead.  Pleas were subsequently filed, and the case was tried at the Fall term, 1896.  The jury rendered a verdict for the plaintiff for $774.83, upon which final judgment was entered.

The other facts are stated in the opinion of the court.

*Sparkman & Sparkman* and *E. K. Foster,* for Plaintiff in Error.

*Alex. St. Clair-Abrams,* for Defendant in Error.

HOCKER, C., (*After stating the facts.*)

The demurrer to the declaration contained, among others, the grounds, first, that such facts as are necessary to a recovery are not stated; fourth, that the terms of employment, whether by the day, year or any other specified time, are not stated; fifth, that it is not stated whether the plaintiff was to be paid monthly, quarterly or yearly. These grounds present the question upon which the case will be disposed of.

A declaration upon which a plaintiff founds his right of recovery must allege every fact that is essential to his right of action. South Florida Tel. Co. v. Maloney, 34 Fla. 338, 16 South. Rep. 280. The declaration, while alleging that plaintiff "was agreed to be employed by the proper officer of the defendant corporation," and that "the defendant informed the plaintiff that it could give him employment as conductor," no where states the duration of his employment, nor are the facts alleged sufficient to infer it. From the allegations in the declaration it must be taken as an employment at will, terminable by either party. No action can be maintained for the breach of a contract to employ, unless there is some stipulation as to the length of time for which the employment shall continue. Blaisdel v. Lewis, 32 Maine 515; De Briar v. Minturn, 1 Cal. 450. If a term of employment be discretionary with either party, or be indefinite, either party

may terminate it at any time. Wood's Law of Master & Servant (2nd ed.) 133; also Ibid. §81; Water Commissioners of Jersey City v. Brown, 32 N. J. Law 504; Shaw v. Woodbury Glass Works, 52 N. J. Law, 7, 18 Atl. Rep. 696.

The order of the court overruling the demurrer to the decision was erroneous. The judgment is reversed, and the cause remanded.

MAXWELL, C., and GLEN, C., concurred.

PER CURIAM.

The foregoing opinion has been examined by the court and is hereby approved and adopted and ordered to be filed as the opinion of the court in said cause.