A. E. McMILLAN AND W. P. BROWNSON, CO-PARTNERS, AS McMILLAN BRICK COMPANY, *Plaintiffs in Error*, v. WESTERN UNION TELEGRAPH COMPANY, A CORPORATION, *Defendant in Error*.

## ON REHEARING.

1. A message reading "We want some brick when are you going to ship" puts a telegraph company on notice that substantial business loss to the addressee may follow non-delivery.

2. The fact that one party may at will put an end to a continuing contract does not destroy the right to substantial damages against a telegraph company whose negligence alone actually caused its discontinuance.

This case was decided by the Court En Banc.

Writ of error to the Circuit Court for Escambia County.

## STATEMENT.

The plaintiffs in error brought an action in the Circuit Court for Escambia County against the defendant in error, in which the declaration alleges "that the defend ant was during the months of May and June, A. D. 1906, the owner of and was operating a public telegraph line between the city of Camden, in the State of Alabama, and the station of Pine Barren in the State of Florida, and held itself out to the public as receiving, transmitting and delivering for hire telegraphic messages between the said two points; that during said months the plaintiffs were engaged in the business of manufacturing and selling brick, and entered into a contract with the Camden Hardware Company, whereby the said Camden Hardware Company agreed to buy from them brick at the rate of four (4) cars per week, beginning June 1st, 1906, until notified to stop, (which said brick were purchased by the said Camden Hardware Company for the purpose of erecting a certain building which the said Hardware Company had contracted to build, and it was understood between the said Hardware Company and the plaintiff in entering into said contract, that the said Hardware Company expected to buy from the said plaintiffs all of the brick amounting to about 150,000, which would be required for the said building.)   That on the 4th day of June, A. D., 1906, the said Camden Hardware Company delivered to the said defendant, at its office in Camden, Alabama, for transmission and delivery for hire to the plaintiffs at Pine Barren, Florida, a message as follows:

"Camden, Ala., 4th.

We want some brick.   When are you going to ship?

Camden Hardware Company."

Which message was received by the said defendant com-

pany for transmission and delivery to the said plaintiffs as aforesaid, and which it was its duty to transmit with all due promptness and diligence to the plaintiff at said Pine Barren, yet the said defendant disregarding its duty in the premises neglected and failed promptly to transmit and deliver the said message to the plaintiff, and unreasonably neglected, delayed and withheld the same until the 6th day of said month of June, at which time it was delivered to the plaintiffs. (That the plaintiffs immediately upon receipt of said message made a shipment of brick to the said Camden Hardware Company, and telegraphed said Hardware Company of said fact, and that they would rush the balance of the order; but the said Camden Hardware Company being in need of brick, and incurring liability for demurrage for want of them, on said 6th day of June before hearing from the plaintiffs in response to their said telegram, and being ignorant as to whether any brick had been shipped, or when brick would be shipped under their said contract, upon said 6th of June wrote to the plaintiffs declining and refusing to continue their said contract or to take brick from the plaintiffs thereunder; that but for the said neglect and failure of duty on the part of the said defendant in failing with due diligence and promptness to transmit and deliver the message as aforesaid, the said Camden Hardware Company would have purchased from these plaintiffs who were ready, able and willing to supply same under said contract, and would have done so had said message been delivered with reasonable promptness, the brick required for the erection of the building aforesaid, amounting to 150,000 brick, whereby the said plaintiffs would have derived their reasonable profits in the sale of said brick, amounting to the sum of five hundred ($500.00) dollars, and which said profits they have lost by reason of the said failure and

neglect of duty on the part of the defendant as aforesaid.) Wherefore plaintiffs sue and claim one thousand ($1,000) dollars."

On motion the court struck the two portions of the declaration contained within the parentheses. The plea of not guilty was entered and withdrawn. Default was entered and upon waiving a jury the court tried the cause and rendered judgment for one dollar and costs in favor of the plaintiffs, who on writ of error here insist merely that the trial court erred in sustaining the motion to strike the portions of the declaration contained in the parentheses as above set forth. Only compensation for loss of probable profits is involved.

*Maxwell & Reeves* for Plaintiff in Error.

*Blount & Blount & Carter* for Defendant in Error.

COCKRELL, J., (*after stating the facts.*)—The wording of the message "We want some brick, when are you going to ship" addressed to a Brick Company clearly put the telegraph company on notice that a matter of real business concern to the addressee was involved, and that negligence in its transmission would probably result in considerable pecuniary loss. This being so, the chief question is do the allegations stricken from the declaration destroy this potential right to substantial damages?

The fact that the sender of the message could put an end to the contract at any time might well prevent a cause of action *ex contractu* against it, but it does not of necessity destroy this action in tort against the Telegraph Company. This would seem to be foreshadowed by the court in Chipley v. Atkinson, 23 Fla., 206, 1 South. Rep. 934, in which we held that the inability of an employee to recover from his employer for a discharge from service

did not prevent recovery against a third party who maliciously caused the dismissal.

There are cases such as Savannah, F. & W. R. Co. v. Willett, 43 Fla. 311, 31 South. Rep. 246, where it was held that a servant could not recover upon a contract of employment of indefinite duration, terminable at the will of the master, and also cases holding no recovery can be had for lost prospects of employment or other contracts, uncertain as to duration, because terminable at the whim or will of the other party.

There would seem, however, to be a basis for distinction between contracts not yet entered into and those already made where the only element of uncertainty as to time or volume of business is the ability of the losing party to please. To hold otherwise and to confine the addressee of a telegram to cases where an ironclad contract exists would be to deny him redress altogether. For if the other party to the contract be solvent, he has there full redress, and if he be not solvent, there has been no loss.

The declaration states positively that the building company would not have discontinued the purchasing had it not been delayed and subject to damage by reason of the negligence in the delivery of the message, putting that fact in issue.

There would seem no special difficulty in admeasuring the damages in cases of this character and this can be regulated by proper charges.

The judgment is reversed.

SHACKLEFORD, and PARKHILL, J. J., concur;

WHITFIELD, C. J., and HOCKER, J., dissent;

TAYLOR, J., absent on acount of illness.

A re-hearing having been granted and the cause again fully considered, it is ordered and adjudged that the judgment heretofore entered stand as the judgment of the court.

All concur except WHITFIELD, C. J., dissenting.

PARKHILL, J., (*Concurring.*)—It is not so difficult to understand the rule that obtains as to the measure of damages in actions against telegraph companies for negligence in the transmission or delivery of messages, but it is its application to the different cases which puzzles and confuses the courts. We know very well that the damages must flow directly and naturally from the breach and that they must be certain, both in this nature, and in respect to the cause from which they proceed; and that under this rule only such damages may be recovered as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract as the probable result of the breach of it. But it is equally well settled that this rule, formulated in the famous English case of Hadley v. Baxendale, 9 Exch., 341 does not require that the parties must have contemplated the actual damages which are to be allowed, but such as may reasonably be supposed to have been contemplated. It is not essential that the particular loss or injury sustained was contemplated, but the company is liable if the loss sustained should have been contemplated as a probable and proximate result of its negligence. In other words, as was well said by Chief Justice EARL in Leonard v. New York & C. Tel. Co., 41 N. Y., 544, text 567, "a party is liable for all the direct damages which both parties to the contract would have contemplated as flowing from its breach, if at the time they entered into it, they had bestowed proper attention upon the subject, and had been fully informed

of the facts." See, also Western Union Tel. Co. v. Merritt, 55 Fla., 462, 46 South. Rep., 1024; Jones' Tel. & Tel. Companies, Paragraph 517.

Now, it will be conceded that, without reference to the question whether the defendant company knew of the contract between the plaintiff and the Camden Hardware Company, the message, "We want some brick. When are you going to ship?" clearly indicated to the company's operator that it related to a business transaction of importance and that a pecuniary loss would probably result unless it was promptly and correctly transmitted. Western Union Tel. Co. v. Merritt, *supra.*

Now the loss the plaintiffs are said to have sustained by reason of the negligence of the defendant company is the sum of $500 that the plaintiffs would have realized as profits on the sale of 150,000 brick if the telegram had been delivered to the plaintiffs. Should not the loss of these profits have been contemplated as a probable result of the defendant's negligence?

The liability of the defendant company does not require that the company must have contemplated the actual damages which are to be allowed, but such as may reasonably be supposed to have been contemplated.

"We want some brick." It is clear that the telegraph company knew that the Camden Hardware Company wanted to get some brick from the plaintiffs—that the Camden Hardware Company wanted to buy some brick from the plaintiff. It is not essential that the telegraph company knew how much brick the Camden Company wanted to buy from the plaintiff.

"When are you going to ship?" Is it not reasonably certain from these words "when are you going to ship," that the telegraph company knew that the buying of the brick depended upon an answer as to when the plaintiffs would ship the brick—that if an answer came promptly

that the plaintiff was ready to ship and would ship—that the Camden Company would buy or take the brick, and that if no answer was received by the Camden Company it must and would look elsewhere for brick? Is it not plain to be seen, then, that the negligent delay of the telegraph company was the direct loss to the plaintiff of the sale and the profits on the sale of brick that the Camden Company would have bought from the plaintiff had the telegram been delivered promptly? I think so.

It is doubtless true that the telegraph company did not know anything about a contract said to have been entered into between the Camden Company and the plaintiffs, but it is not essential to the liability of the telegraph company that it knew of or should have contemplated the existence of this particular contract. The telegraph company will be liable for the failure of the plaintiff to have made the sale of the brick upon proof at the trial that, without the contract, the Camden Company would have bought 150,000 brick from the plaintiff if the telegram had been delivered promptly and the plaintiff was ready and willing to furnish the brick and would have done so. In other words had the plaintiffs not mentioned the contract with the Camden Company, but merely alleged in the declaration that but for the said neglect and failure or duty on the part of the said defendant in failing with due diligence and promptness to transmit and deliver the message as aforesaid, the said Camden Hardware Company would have purchased from these plaintiffs who were ready, able and willing to supply same, and would have done so had said message been delivered with reasonable promptness, the brick required for the erection of a certain building, amounting to 150,000 brick, whereby the said plaintiffs would have derived their reasonable profits in the sale of the brick amounting to the sum of $500.00, &c., a good cause of action would have been stated.

This, then, is not an action to recover profits for which the Camden Company had already bound itself to the plaintiffs, but an effort to recover profits which are shown with reasonable certainty to have been lost by the loss of the sale from which they would have been derived.

Without avering a binding obligation on the part of the Camden Company to take 150,000 brick, the declaration shows the purpose for which the brick were ordered, which called for that number, and the mutual expectation that the number would be taken, and the allegation that but for the delay in the delivery of the telegram that number would have been taken.

This is not a suit to recover profits under a contract by which the Camden Company had already bound itself to the plaintiff, for in such a case the suit would be brought against the contracting Camden Company for breach of the existing contract and not against the telegraph company for loss of the sale of the brick.

Unless the Camden Company had bound itself for the whole 150,000 brick, it could not be sued for refusing to take them. If, however, it may be shown with reasonable certainty that but for the negligent act of the defendant the Camden Company would in fact have taken the brick the loss resulting from a failure to do so may be recovered from the telegraph company. This distinction may be seen in the two cases of Savannah, F. & W. R. Co. v. Willett, 43 Fla., 311, 31 South. Rep. 246, and Western Union Tel. Co. v. McKibben, 114 Ind. 511, 14 N. E. Rep., 894. In the first case, it is held that the defendant, not having bound itself for any particular time, could discharge the plaintiff at pleasure and he could recover only nominal damages for failure to employ him. In the other case, the plaintiff was allowed to recover on the basis of the wages he would

have earned from the date of the expected employment to the institution of the suit:

In order to recover, then, the plaintiff must show, not an existing binding contract with the Camden Company for the 150,000 brick, but a reasonable probability that such a number of brick would have been taken but for the negligent act of the defendant. The declaration, therefore, alleges the existence of a contract then being performed, but subject to be terminated by notice, the expectation of each party that it would continue until the building in question was completed, and that this would have been the case but for the default in the delivery of the telegram and the stoppage of the contract and the loss of the sale of the brick in consequence of such default on the part of the telegraph company. At the trial upon proof of these facts, the plaintiffs may recover. The declaration may have stated the evidence with too much detail and particularity, but such an objection may not avail the telegraph company.

Owing to the difficulty of applying the well known principles of the law to the particular facts of each case, I voted for a rehearing in this case so that we might consider the question involved fully. I again come to the conclusion that the special damages claimed may be recovered, and that the judgment should be reversed.

WHITFIELD, C. J., dissenting.

The law casts upon a telegraph company, because of the public service it is engaged in, the duty to promptly deliver to the addressee a telegram properly entrusted to the company for transmission, and a corresponding liability in damages for negligence in performing the duty. Western Union Tel. Co. v. Milton, 53 Fla., 484, 43 South. Rep. 495, 11 L. R. A. (N. S.) 560, 125 Am. St. Rep. 1077;

I. O. T. Co. v. Saunders, *infra;* Jones on Tel. & Tel. Paragraph 478 *et seq.;* Western Union Tel. Co. v. Dubois, 128 Ill. 248, 21 N. E. Rep. 4, 2 Ann. Cas. 398.

In an action for damages the declaration by its allega tions or by the fair inferences arising from such allegations should contain all the elements essential to the plaintiffs cause of action; and if from the allegations it appears that special damages claimed are not legally recoverable in the action, statements contained in the declaration relating solely to such special damages that are wholly irrelevant may be stricken on proper motion under the statute so as not to embarrass a fair trial of the action. Benedict Pineapple Company v. Atlantic Coast Line Ry. Co., 55 Fla., 514, 46 South. Rep. 732, 20 L. R. A. (N. S.) 92; Hildreth v. Western Union Tel. Co., 56 Fla., 387, 47 South. Rep. 820; Williams v. Atlantic Coast Line Ry. Co., 56 Fla., 735, 48 South. Rep. 209; Western Union Tel. Co. v. Wells, 50 Fla. 474, 39 South. Rep. 838, 7 Am. & Eng. Anno. Cases 531; Milligan v. Keyser, 52 Fla. 331, 42 South. Rep. 367.

To warrant the recovery sought it should appear by the allegations of the declaration or from fair inferences from such allegations (1) that the plaintiff, the addressee of a telegram, is interested in, or will be benefited by, the prompt delivery of the telegram, or will be injured by a negligent delivery; (2) that the defendant was negligent in delivering the telegram; (3) that the plaintiff actually sustained substantial financial loss; (4) that the loss as alleged was such that from the telegram or other informa tion imparted to the defendant it should reasonably have been regarded as naturally and ordinarily to result from the negligence, or such as may reasonably under the circumstances stated be supposed to have been contemplated at the time by the defendant as a probable result of the negligence; (5) that the loss as alleged would not have

occurred but for the negligence of the defendant; (6) that the loss as alleged is not remote, contingent or conjectural, and is capable of reasonably certain ascertainment.   Western Union Tel. Co. v. Milton, 53 Fla. 484, 43 South. Rep. 495, 11 L. R. A. (N. S.) 560, 125 Am. St. Rep. 1077; Jones on Tel. & Tel. Chapter 478; Isham v. Dow's Estate, 70 Vt. 588, 41 Atl. Rep. 585; Western Union Tel. Co. v. Merritt, 55 Fla., 462, 48 South. Rep. 1024; Williams v. Western Union Tel. Co., 136 N. C. 82, 48 S. E. Rep. 559, 1 Am. & Eng. Anno. Cas., 359 and notes; Harrison v. Western Union Tel. Co., 143 N. C. 147, 55 S. E. Rep. 435, 10 Am. & Eng. Anno. Cas., 476 and notes; Ferrero v. Western Union Tel. Co., 9 App. Cas. (D. C.) 455, 35 L. R. A. 548; Western Union Tel Co. v. Wilson, 32 Fla. 527, 14 South. Rep. 1; Woodbury v. Tampa Waterworks Co., 57 Fla. 243, 49 South. Rep. 556, 21 L. R. A. (N. S.) 1034; Benedict Pine Apple Co. v. Atlantic Coast Line R. Co., 55 Fla. 514, 46 South. Rep. 732, 20 L. R. A. (N. S.) 92; Western Union Tel Co. v. True, 101, Texas, 236, 106 S. W. Rep. 315. Ocean Tel. Co. v. Saunders, 32 Fla. 434, 14 South. Rep. 148, 21 L. R. A. 810.   Frazier v. Western Union Tel. Co., 45 Oregon 114, 78 Pac. Rep. 330, 2 Am. & Eng. Anno. Cas. 396 and notes; Western Union Tel. Co. v. Woodard, 84 Ark. 323, 105 S. W. Rep. 579, 13 Am. & Eng. Anno. Cas. 354; Western Union Tel. Co. v. Schriver 141 Fed. Rep. 538, 4 L. R. A. (N. S.) 678; 29 Cyc. 499. Hildreth v. Western Union Tel. Co., 56 Fla. 387, 47 South. Rep. 820; 21 Am. & Eng. Ency. Law (2nd ed.) 493 *et seq.*; 29 Cyc. 488 *et seq.;* Snyder v. Phil. Co., 54 W. Va. 149, 46 S. E. Rep. 366, 1 Am. & Eng. Anno. Cas. 225 and notes; Young v. Western Union Tel. Co., 107 N. C. 370, 11 S. E. Rep. 1044.

If it appears from the declaration that the loss was the proximate result of an independent efficient cause intervening between the negligence and the loss and it does

not reasonably appear that the loss would not have occurred but for the negligence of the defendant; or if it appears from the declaration that the loss as alleged is contingent, remote or conjectural and not capable of reasonably certain proof; or, even though contributory negligence is in general a matter of defense, if it appears from the declaration that the loss was contributed to or caused by the plaintiff's fault, the special damages claimed cannot legally be recovered in this action. See Williams v. Atlantic Coast Line Ry. Co., *supra*.

The damages claimed in the portion of the declaration that was stricken do not naturally and necessarily result from the negligence charged, and to be recovered should be specially alleged. Jacksonville Electric Co. v. Batchis, 54 Fla. 192, 44 South. Rep. 933. Therefore if the motion to strike was erroneously granted such error was not harmless to the plaintiff.

That the plaintiff had an interest in the telegram, that the defendant was negligent, and that the plaintiff sustained loss appear by the declaration.

Under the allegations of the declaration it appears that the refusal of the sender of the message to take the brick was the direct efficient cause of the loss to the plaintiff. This being so the defendant is not liable unless its negligence so contributed to the loss that without the negligence the loss would not have occurred. The defendant's negligence did not put in operation a dangerous agency, or make it possible for a natural condition or ordinary circumstance to directly cause the loss as in such cases as Jacksonville, T. & K. W., Ry. Co. v. Peninsular Land Transp. & Manuf'g Co., 27 Fla. 1, 9 South. Rep. 661; Florida East Coast R. Co. v. Welch, 53 Fla. 145, 44 South. Rep. 250; Alabama Great Southern R. Co. v. Quarles & Couturie, 145 Ala. 436, 40 South. Rep. 120, 8 Am. & Eng. Anno. Cas. 308.; Green-Wheeler Shoe Co. v. Chicago R. I.

& P. Ry. Co., 130 Iowa 123, 106 N. W. Rep. 498, 8 Am. &
Eng. Anno. Cas. 45. See also Bibb Broom Corn Company
v. Atchison, Topeka & Santa Fe R. Co., 94 Minn. 269, 102
N. W. Rep. 709, 3 Am. & Eng. Anno. Cas. 450, and notes;
Illinois Central R. Co. v. Siler, 229 Ill. 390, 82 N. E. Rep.
362, 11 Am. & Eng. Anno. Cas. 368. Even in this class of
cases the negligence of the defendant must by uninter-
rupted sequence contribute proximately to the loss. Norris
v. Savannah, F. & W. Ry Co., 23 Fla. 182, 1 South. Rep.
475. Lightfoot v. St. Louis & S. F. R. Co., 126 Mo. App.
352, 104 S. W. Rep. 482; Fentiman v. Atchison, T. & S.
F. Ry. Co., 44 Tex. Civ. App. 455, 98 S. W. Rep. 939. Nor
did the defendant's negligence contribute to the loss con-
jointly with another cause as in the cases of Moore v.
Lanier, 52 Fla. 353, 42 South. Rep. 462. Janes v. City of
Tampa, 52 Fla. 292, 42 South. Rep. 729; Illinois Central
R. Co. v. Siler, 229 Ill. 390, 82 N. E. Rep. 362, 11 Am. &
Eng. Anno. Cas. 368. This is not a case of malice or wilful
action as in Chipley v. Atkinson, 23 Fla. 206, 1 South. Rep.
934, 11 Am. St. Rep. 367, Text 376; Western Union Tel.
Co. v Wells, 50 Fla. 474, 39 South. Rep. 838, 2 L. R. A.
(N. S.) 1072, 7 A. & E. Anno. Cas. 531; or of personal
injury as in Jacksonville Electric Co. v. Batchis, 54 Fla.
192, 44 South. Rep. 933. Nor does the message in this
case convey to the telegraph company information of its
special importance as did the message and the attending
circumstances in Western Union Tel. Co. v. Merritt, 55
Fla. 462, 46 South. Rep. 1024, 127 Am. St. Rep. 169.
There is here no direct offer of special employment as in
Fairley v. Western Union Tel. Co., 73 Miss., 6, 18 South.
Rep. 796; W. U. Tel. Co. v. McLaurin, 70 Miss. 26, 13
South. Rep. 36.

The intervening act of refusing to take the brick was
not a mere natural condition that should reasonably have
been contemplated, as in Benedict Pineapple Co. v. Atlan-

tic Coast Line Ry. Co., *supra;* nor was such refusal to take the brick an irresponsible and natural circumstance succeeding a tort as in Lowery v. Manhattan Ry. Co., 99 N. Y. 158, 1 N. E. Rep. 608; Isham v. Dow's Estate, 70 Vt. 588, 41 Atl. Rep. 585; Griggs v. Fleckenstein, 14 Minn. 81. The principle announced in the case of American Process Co. v. Florida White Press Brick Co., 56 Fla. 116, 47 South. Rep. 942, that "where one of two innocent parties must suffer through the act or negligence of a third person, the loss should fall upon the one who by his conduct created the circumstances which enabled the third party to perpetrate the wrong or cause the loss," is not applicable here because the negligence of the defendant here did not *enable* the sender of the telegram to refuse to take the brick; but such refusal appears from the declaration to have been within the Hardware Company's rights independent of the defendant, and the refusal required the independent and voluntary act of a human mind. See Vicars v. Wilcocks, 8 East 1; Walser v. Western Union Tel. Co., *supra;* Merrill v. Western Union Tel. Co., 78 Me. 97, 2 Atl. Rep. 847. See also Western Union Tel. Co. v. Schriver, 141 Fed. Rep. 538, 4 L. R. A. (N. S.) 678, and notes.

A telegraph company like every natural person and corporate entity should be required to properly perform all legal duties and to meet and satisfy all legal liabilities. Such a corporation is authorized to do business primarily for the public welfare and can act only through officers and employees. It is not held to a greater degree of responsibility than should be reasonably demanded in view of the circumstances under which its duties are performed and of the just requirements of the public welfare. A more onerous rule would probably invade constitutional rights and prove detrimental to the public welfare in high rates or inefficient service.

One who commits a trespass or other wrongful act is in general liable in damages for all the consequences directly resulting from the tort, whether foreseen by the wrong doer or not, if the wrongful act is not interrupted by the intervention of an independent procuring or efficient cause, without which intervening cause the injury or loss would not have ensued and the plaintiff is not at fault. But in actions for damages alleged to have been caused by the mere negligence of one engaged in performing a public service as to which the law may imply a contract or impose a duty, the damages for which recovery may be had are such as naturally and ordinarily arise out of or flow from the negligence, or such as may reasonably be supposed to have been contemplated at the time of the negligence as a probable result of it. Hall v. W. U. Tel. Co., 59 Fla. 275, 51 South. Rep. 819. If the party charged with negligence, by giving proper attention to the subject under the circumstances of the particular case, should reasonably have contemplated the injury or loss alleged as being likely to occur as a proximate result of the negli-gence, the law holds the negligent party liable in damages whether such injury or loss was actually contemplated or not.

The true rule applicable to cases of this character is that where it appears that the defendant is engaged in rendering a public service as to which there may be a duty implied by law in favor of the plaintiff, that the defendant was merely negligent in performing the duty due to the plaintiff, and that as a proximate result of such negligence without any intervening independent efficient cause, the plaintiff actually sustained losses, that would not have occurred but for the defendant's negli-gence, there may be a recovery if such losses from infor-mation conveyed to the telegraph company by the mes-sage or otherwise should under the circumstances reason-

ably have been contemplated at the time by the negligent party, and the losses as alleged are not dependent upon another's will and are not speculative, remote, contingent or conjectural, and are capable of reasonably certain ascertainment. See Saunders v. Western Union Tel. Co., *supra;* Wilson v. Western Union Tel. Co. *supra;* Western Union Tel. Co. v. Milton, *supra;* Woodberry v. Tampa Water Works Co., *supra;* Wolff Shirt Co. v. Frankenthal, 96 Mo. App. 307, 70 S. W. Rep. 378; Williams v. Atlantic Coast Line Ry. Co., *supra;* Walser v. Western Union Tel. Co., *supra;* Jones on Tel. & Tel. Paragraph 526; Atchison, T. & S. F. Ry. Co. v. Calhoun, 213 U. S. 1, Sup. Ct. Rep.

Even if from the words of the message the telegraph company should reasonably have contemplated that negligence in the delivering the message would proximately and probably result in any loss to the persons to whom the message was addressed, the loss should be such as grows directly out of a contract with reference to the brick between the sender and the addressees, that might reasonably have been apparent from the language of the message, and not such as may arise out of a collateral contract between the sender and a third person, even though the addressees knew of the collateral contract and that it was an inducement to the agreement between the sender and the addressees, because even if the special damages alleged are capable of reasonably certain ascertainment, there is nothing in the message itself to impart to the telegraph company any information as to a collateral contract upon which the telegraph company should reasonably have contemplated that the special loss as alleged would probably result to the addressees if the message be not properly delivered. No knowledge of the defendant except that given by the message is alleged.

If the message did reasonably indicate to the telegraph

company any urgent need for brick it did not make a definite offer for brick and it did not indicate to the telegraph company that the sender and addressees had an understanding that the brick were wanted for any special purpose or that the sender would incur demurrage liabilities or would terminate a contract for brick if there was further delay in delivering the brick.

Even if the negligence of the defendant was the procuring cause of the refusal of the sender of the message to take the brick, and was consequently a proximately contributing efficient cause of the loss, the special damages as alleged and stricken do not naturally and ordinarily follow the negligence alleged and, under the circumstances stated, could not reasonably be supposed to have been contemplated by the defendant at the time of the negligence, since the message imparted to the defendant no information as to the collateral contract for the special use of the brick, and no other knowledge thereof by the defendant is alleged.

It is alleged that under the contract the Hardware Company agreed to buy from the plaintiff "brick at the rate of four cars per week beginning June 1," 1906, *until notified to stop.*" The immediate cause of the loss alleged was the refusal of the Hardware Company on June 6, 1906, to take the brick. This refusal was the exercise of a right not in any way dependent on the defendant or its negligence.

The defendant's negligence in failing to promptly deliver the telegram may have exerted some influence in the decision of the Hardware Company, a third party, to refuse to take the brick, yet the negligence of the defendant was not necessarily the procuring cause of the refusal to take the brick, even though, it may have been an incentive, and advantage may have been taken of such negli-

gence to voluntarily refuse to take the brick, which refusal directly caused the loss.

Special damages should be predicated upon the direct or proximate consequence of the negligence alleged and not upon any occurrence, circumstance or act merely attending or succeeding the negligence, and requiring additional or independent agencies to cause the damage. See Whatley v. Murrill, 1 Strob. (S. C.) 389; Ins. Co. v. Boon, 95 U. S. 117, text 130.

Whether the refusal of the Hardware Company to take the brick was within its rights or not, it was a voluntary act of a responsible party wholly independent of the defendant. The refusal was the voluntary independent exercise of a legal right, and was not a mere condition or circumstance that should have been contemplated by the defendant as likely to occur. The refusal of the Hardware Company to take the brick and not the negligence of the defendant was the proximate cause of the special damages alleged, such refusal being an independent, efficient cause intervening between the negligence of the defendant and the loss of the plaintiff as alleged, and directly causing the loss, and it not appearing with reasonable certainty that but for the negligence the loss as alleged would not have occurred.

The negligence of the defendant did not directly cause the loss, it did not put into operation a controlling force or dangerous agency, it was not a procuring cause or a directly contributing or concurrent efficient cause of the loss, it did not make it possible for a natural condition or ordinary circumstance to directly cause the loss, it was not such negligence as without it the subsequent refusal of the Hardware Company to take the brick would not have caused the loss; but the negligence of the defendant merely preceded and may have influenced or prompted, but could not have put into operation or could not have

controlled or directed, the independent voluntary refusal of the Hardware Company to take the brick, which refusal was the sole immediate efficient cause of the loss. Consequently it does not appear that the defendant's negligence was the proximate cause of the loss, or that but for such negligence the loss would not have occurred. See Wilson v. W. U. Tel. Co., 124; Ga., 131, 52, S. E. Rep. 153.

Remote, speculative or contingent damages cannot in general be recovered, nor in general can recovery be had for such losses as may have been prevented if the injured party had exercised reasonable diligence. Consequential damages that may be recovered in cases of this character should be proximate results of the negligence charged that reasonably should have been contemplated and must be capable of ascertainment and computation with reasonable certainty. Jones on Tel. & Tel. Paragraphs 197, 320, 524, 526, 530, 563 *et seq.;* Williams v. Atlantic Coast Line Co., *supra;* Western Union Tel. Co. v. Milton, *supra;* Walser v. Western Union Tel. Co., 114 N. C. 440, 19 S. E. Rep. 366; Jones on Tel. & Tel. Paragraphs 320, 524, 526, 530, 547, 560, 563; 27 Am. & Eng. Ency. Law. (2nd ed.) 1060; Kagy v. Western Tel. Co., 37 Ind. App. 73, 76 N. E. Rep. 792, 117 Am. St. Rep. 278, and exhaustive note, see also Moses v. Autuono, 56 Fla. 499, 47 South. Rep. 925, 20 L. R. A. (N. S.) 350; Savannah, F. & W. R. Co. v. Willett, 43 Fla. 311, 31 South. Rep. 246; Sweet v. Western Union Tel. Co., 139 Mich. 322, 102 N. W. Rep. 850, 5 A. & E. Anno. Cas. 730.

Profits expected to be made are too remote and contingent to be recovered when the rights under the contract may be defeated by another's will. See Jones on Tel. & Tel. Paragraph 526.

The message itself indicated that the addressee had already delayed longer than the sender had anticipated under the contract, and, upon the allegations of the dec-

laration the sender could have at any time voluntarily and independent of the defendant terminated the contract with the addressee for that or any other reason or for no reason, thereby making the profits claimed to have been lost if not remote, conjectural or speculative, at least contingent upon the voluntary independent will of the sender of the telegram, and consequently not capable of reasonably certain proof. See Western Union Tel. Co. v. Barlow, 51 Fla., 351, 40 South. Rep. 491; Williams v. Atlantic Coast Line Ry. Co., 56 Fla., 735, 48 South. Rep. 209; Merrill v. Western Union Tel. Co., 78 Me. 97, 2 Atl. Rep. 847; Fererro v. Western Union Tel. Co., *supra;* Walser v. Western Union Tel. Co., 114 N. C. 440, 19 S. E. Rep. 366; Western Union Tel. Co. v. Lehman, 106 Md. 318, 67 Atl. Rep. 241.

In view of the apparent absolute right of the Hardware Company to arbitrarily refuse to take brick at any time, and of the plaintiff's apparent delay in forwarding the first installment under the contract, as shown by the allegations of the declaration and the telegram itself, the allegation that but for the negligence of the defendant the Hardware Company would not have refused to take the brick, does not appear to be capable of reasonably certain proof.

There was no legal obligation to take the brick, and neither the interest nor the intention of the purchaser is a certain guide in determining the loss of contemplated profits. The telegram did not indicate a desire for or an intention to take any particular number of brick, and it was not an offer that would have been binding if accepted.

The interest or intention of the purchaser to take the brick made essential in this case is contingent and conjectural, dependent upon the arbitrary or independent will of the purchaser, and should not be accepted as a reason-

ably certain essential factor determining liability for loss of contemplated profits.

If the special damages that were alleged and stricken were proximately caused by the negligence of the defendant and should have been contemplated as a natural and probable result of the negligence, it appears that such special damages, if not speculative, conjectural or remote, were contingent upon the exercise at any time of the arbitrary will of the sender of the telegram within its rights wholly independent of the defendant's negligence, and consequently such damages are not capable of any degree of certain ascertainment, and cannot be recovered in this action.

As the defendant is not shown to be liable for the special damages alleged, the question does not arise as to whether in case of liability the allegations relative to the measure of damages would properly have been subject to a motion for compulsory amendment rather than to a motion to strike. See Williams v. Atlantic Coast Line Ry. Co., *supra*.

The special damages as alleged were not recoverable in this action; and, as they were calculated to embarrass a fair trial of the action, no error was committed in striking from the declaration the allegations as to such special damages. See section 1433 General Statutes of 1906; Hildreth v. Western Union Tel. Co., *supra*.

The principal cases relied on by the plaintiff in error involve direct offers for special services or propositions relating to property of special value binding on the sender of the message where losses could be ascertained with reasonable certainty, or are cases where the negligence was an efficient cause of the loss, which is not the case here. See also Barker v. Western Union Tel. Co., 134 Wis. 147, 114 N. W. Rep. 439, where a statute influenced the decision.

North American Accident Ins. Co. v. Moreland—Syllabus.

As no point is presented for determination except the propriety of striking the portions of the declaration relating to the special damages, and as the judgment is for merely nominal damages for the admitted breach of duty in not promptly delivering the message, no other questions need be discussed here.