Howard GREENE, Plaintiff,

v.

UNION MUTUAL LIFE INSURANCE
COMPANY, Defendant.

Civ. No. 84–0126 P.

United States District Court,
D. Maine.

June 5, 1986.

Thomas R. McNaboe, Marshall Tinkle, Portland, Me., for plaintiff.

Richard G. Moon, Perkins & Thompson, Ann H. Mohnkern, Portland, Me., for defendant.

GENE CARTER, District Judge.

MEMORANDUM OF DECISION AND
ORDER ON DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

I.

This matter, a suit for damages under the ADEA, 29 U.S.C. §§ 621, *et seq.* (1975 & Supp.1984), is before the Court immediately prior to trial on the Defendant's Motion for Summary Judgment. The motion attacks the viability for trial of Count III of the Complaint, the only count remaining after the Court's prior actions on other motions. *See Greene v. Union Mutual Life Insurance Company,* 623 F.Supp. 295 (D.Me.1985). Defendant's motion rests on three arguments: (1) that under the applicable Maine substantive law, the Plaintiff has not and cannot, as a matter of law, establish the creation of a contract term in the Plaintiff's contract of employment with the Defendant which transforms the employment contract from one terminable at will to one terminable only for "cause;" (2) that Plaintiff cannot, as a matter of law, make a showing that he has been constructively discharged by the Defendant; and (3) that Plaintiff may not, as a matter of law, recover "front pay" damages because he

does not seek in this suit to be reinstated in his employment with the Defendant.

The Court has examined each of these propositions with care and concludes that only the last is well-taken by the Defendant. The Court will grant the Defendant's Motion for Summary Judgment as to Plaintiff's claim for "front pay" damages. The Court of Appeals for this Circuit has recently confronted the issue of the availability of "front pay" damages under the ADEA. In an interesting and resourceful expansion of the remedial pattern specifically laid down in the statute, the Court of Appeals has concluded, based on the equitable remedial powers conferred by the statute upon the Court, that "front pay" damages may in certain circumstances be an appropriate remedy in the discretion of the trial judge. *Wildman v. Lerner Stores Corp.*, 771 F.2d 605, 614–16 (1st Cir.1985). *Cf. Ginsberg v. Burlington Industries, Inc.*, 500 F.Supp. 696, 700 (S.D.N.Y.1980) (enumerating arguments *contra* such a construction of the statute). However, the Court held specifically that "[f]uture damages should not be awarded unless reinstatement is impracticable or impossible," *id.* at 616, and pointed specifically to its footnote in *Kolb v. Goldring, Inc.*, 694 F.2d 869, 874, n. 4 (1st Cir.1982), stating that such damages could not be awarded when plaintiff did not seek reinstatement. *Id.* The Court observed that absent such a claim, damages are to be awarded as they are sustained during the period from the occurrence of the wrongful "termination to the date of judgment." *Wildman*, 771 F.2d at 615. Indeed, the Courts allowing an award of "front pay" damages have generally treated them as being "in lieu of" or as "an alternative to" relief in the form of reinstatement where such reinstatement is impracticable. *Gibson v. Mohawk Rubber Company*, 695 F.2d 1093 (8th Cir.1982); *Cancellier v. Federated Department*

*Stores*, 672 F.2d 1312, 1319 (9th Cir.), *cert. denied*, 459 U.S. 859, 103 S.Ct. 131, 74 L.Ed.2d 113 (1982); *Equal Employment Opportunity Commission v. Prudential Federal Savings and Loan Association*, 763 F.2d 1166 (10th Cir.1985); *Goldstein v. Manhattan Industries, Inc.*, 758 F.2d 1435, 1448–49 (11th Cir.1985). In *Loeb v. Textron, Inc.*, 600 F.2d 1003 (1st Cir.1979), where the Court of Appeals "swallowed the bullet" on the allowance of future damages, *Wildman*, 771 F.2d at 614, such damages were dealt with only in the context of their being allowable "in lieu of reinstatement." *Loeb*, 600 F.2d at 1023. *Wildman* clearly assumes the same predicate.

■ The evidence adduced on this motion shows that the Plaintiff was removed from his officer-level position and ultimately offered his choice of either of two lower level positions, both of which he declined, and that he left the Defendant's employ to accept a job with another insurance company. He has never since then sought reinstatement and he has never made such a claim in this lawsuit.[1] This Court is fully persuaded that "front pay" damages, being allowable only as an alternative for reinstatement of the Plaintiff where that is impracticable or impossible, such damages cannot be awarded *where no claim is made in the litigation* for such reinstatement. *Wehr v. Burroughs Corporation*, 619 F.2d 276, 283 (3d Cir.1980), *cited with approval* in *Kolb v. Goldring*, 694 F.2d 869, 874 and n. 4 (1st Cir.1982). Without such a claim, there is no remedy sought "in lieu of" which "front pay" damages may be awarded.

## II.

The Court finds that there are significant and genuine issues of material fact to be resolved in order to determine whether

---

1. Plaintiff argues that because when initially removed from his officer-level position, he was allegedly asked to resign and refused to do so, an adequate factual issue has been generated on the question of the impracticability of reinstatement of the Plaintiff. In the view of the Court, this argument misses the point of the case-law rule. That rule requires that Plaintiff seek, in the *ADEA-founded lawsuit,* reinstatement. If, as the Court of Appeals said in *Wildman* Plaintiff makes no such claim for reinstatement, he is limited to damages incurred between termination and the date of judgment.

Plaintiff's contract of employment was terminable at will or only for "cause." With respect to this issue, Maine substantive law is the predicate for decision. The pertinent Maine law is well established. A contract for employment for an indefinite length of time is terminable at will by either party unless modified by the parties' express agreement. *Merrill v. Western Union Telegraph Co.*, 78 Me. 97, 2 A. 847 (1886); *Blaisdell v. Lewis*, 32 Me. 515, 516 (1851); *Larrabee v. Penobscot Frozen Foods, Inc.*, 486 A.2d 97, 99 (Me.1984). *See also Terrio v. Millinocket Community Hospital*, 379 A.2d 135 (Me.1977). Such a modification of the contractual terms may not arise from personnel policies or rules that contain only terms that "relate to" employment. *Terrio*, 379 A.2d at 138. Such employment terms may be created only by "a specific oral promise of employment for a definite term" as "distinct from general terms *relating to* employment" contained in personnel policies or retirement plans. *Id.* at 138 (emphasis in original). The parties may enter into an employment contract for a definite term "by clearly stating their intention to do so, even though no consideration other than services to be performed or promised is expected by the employer, is performed, or promised by the employee." *Larrabee*, 486 A.2d at 99–100. Since the content of the employment agreement is a matter of contract, the parties may, under Maine law, modify an employment contract from one terminable at will to one terminable only for "cause." *Wyman v. Osteopathic Hospital of Maine, Inc.*, 493 A.2d 330, 334 (Me.1985). The sole requirement is that the parties do so by "a specific oral promise," that is, "by clearly stating their intention to do so." The Maine Law Court has strongly implied that such requirement *may be* satisfied by the terms of an employment handbook. *Id.* at 334–35. Presumably, the content of such document must clearly state an intent to impose "restrictions ... upon [the employer's] right to discharge the plaintiff." *Id.* at 335 and n. 7.

■ A full consideration of the evidence before the Court on the motion fails to show in this case any "specific oral promise" of increased job security such as existed in *Terrio*. However, a careful review of the Defendant's personnel policy, with its articulation, *inter alia*, of discrete and, possibly (by interpretation) exclusive, categories of discharge, without any reference to discharge or termination at will, suffices to create a genuine issue of material fact as to precisely what content, if any, those documents and their predecessors imported into the employment contract. Accordingly, summary judgment on the ground that Plaintiff's contract of employment was, as a matter of law, terminable at will must be denied.

### III.

■ Finally, Defendant claims entitlement to a summary judgment for the reason that Plaintiff is unable, as a matter of law, to demonstrate that he was "constructively discharged" from employment by the Defendant. The Court concludes that even though the standard to be applied in determining if a constructive discharge has occurred is an objective one which is high in its contours, the resolution of that ultimate issue, however heavy may be the Plaintiff's burden in this case, is rife with genuine issues of material fact on this record. Not the least of such issues are those having to do with the reasonableness of the Plaintiff's perceptions of and reactions to the conduct of the Defendant from the date that Plaintiff was removed from his officer-level position. Accordingly, summary judgment must be denied with respect to this issue.

### IV.

For the foregoing reasons, the Defendant's Motion for Summary Judgment is *GRANTED* as to the Plaintiff's claim to recover in this action "front pay" damages from the Defendant; and said motion is in all other respects *DENIED*.

So *ORDERED*.