C. S. BENNETT, Appellant, v. WESTERN UNION TELEGRAPH COMPANY, Appellee.

Telegraphs: DELAY IN DELIVERING MESSAGE: DAMAGES.  Negligent delay in delivering a telegram which contained simply, an inquiry as to the price of land, but no proposition to buy, which, if accepted would constitute a contract of sale, will not authorize a recovery of damages for the delay, based on a loss · of the sale of the land, as such damages are too remote and speculative.

*Appeal from Woodbury District Court.*— HON. JOHN F. OLIVER, Judge.

SATURDAY, FEBRUARY 10, 1906.

ACTION at law for damages for failure to deliver telegram.    From judgment upon a directed verdict in favor of the defendant, the plaintiff appeals.— *Affirmed.*

*Milchrist & Scott,* for appellant.

*Wright & Call,* for appellee.

WEAVER, J.— At and for some time prior to the transaction involved in this litigation the plaintiff was a resident of Sioux City, Iowa, and was the owner of a quarter section of land situated in Lyon county, Iowa. About October 28, 1903, the plaintiff was in Lyon county, where he met and had some talk with one R. B. Moon as to the price at which the land could be bought. No agreement was made at this meeting, and the conversation concluded with a statement by Moon that he would let plaintiff know of his conclusion within a few days. On November 2, 1903, Moon wrote and delivered to the defendant's agent at Rock Rapids, to be transmitted to plaintiff at Sioux City, a message in the following words: " Rock Rapids, Iowa, Nov. 2, 1903. To C. S. Bennett, Sioux City, Iowa: Will fifty-five per acre buy northeast quarter fourteen, one hundred forty-five. Answer quick. R. B. Moon." This message was not delivered for a period of at least two months, although plaintiff claims to have called at defendant's Sioux City office and made inquiry therefor.

He testifies that, had he received the message promptly, he would have answered in the affirmative, and that Moon was then ready and willing and would have bought the land, but that by reason of the delay in the transmission of the message the sale was lost, to his damage in the sum of $1,600. Moon also testifies that at the time of sending the inquiry he was ready, willing, and able to buy the land at $55 per acre, and would have done so had plaintiff signified his readiness to sell at that price. There was evidence tending to show that defendant was negligent in the matter of delivering the message.

The testimony having been submitted, the court sustained a motion to direct a verdict for the defendant on the

ground, among others, that the damages sought to be recovered are too remote and speculative. If this objection to a recovery by plaintiff is well taken, as we think it is, it is unnecessary to consider the other grounds of the motion. It will be observed that the telegram contains no offer or proposition of purchase, and, had it been duly delivered, plaintiff could not have framed or sent any reply which would have constituted a contract obligating Moon to purchase the land. Had plaintiff received and answered the telegram in the affirmative, Moon was under no obligation to carry the negotiations any farther, or to take the land at any price, and a contract upon that basis could have been completed only by another telegram from Moon signifying his acceptance. In short, the message was simply one of inquiry, which might, if duly delivered, have opened up a correspondence resulting in a sale of plaintiff's land; but that result was so remote, was subject to so many contingencies, that the alleged damages cannot fairly be said to be the direct or proximate result of the negligence complained of. See *Johnson v. Tel. Co.,* 79 Miss, 58, (29 South. 787, 89 Am. St. Rep. 584); *Telegraph Co. v. Watson,* 94 Ga. 202, (21 S. E. 457; 47 Am. St. Rep. 151); *Telegraph Co. v. Connelly,* 2 Wilson, Civ. Cas. Ct. App. (Tex.) section 113; *Merrill v. Telegraph Co.,* 78 Me. 97, (2 Atl. 847); *Beaupre v. Telegraph Co.,* 21 Minn. 155; *Squire v. Telegraph Co.,* 98 Mass. 232, (93 Am. Dec. 157); *Telegraph Co. v. Hall,* 124 U. S. 444, (8 Sup. Ct. 577, 31 L. Ed. 479); *Telegraph Co. v. Crall,* 39 Kan. 581, (18 Pac. 719.)

None of the authorities cited by appellant are in point with the case before us. In each of the cases relied upon, the message sent constituted an offer, or was in the nature of a direction to buy or sell, or to ship. In none of them is the message in the nature of a mere inquiry, which involved no obligation on part of the sender or receiver. As we have already stated, it is possible that a prompt delivery

of the message would have been followed by negotiations resulting in a sale of the land; but the same could have been said with equal truth and force, had the inquiry been simply, "Will you be in your office tomorrow morning?" or "Will you meet me at Rock Rapids tomorrow?" No one, we think, would contend that the loss of profits upon a possible sale which might have followed the due delivery of such an inquiry would not be too contingent and remote to sustain a recovery. In *McPeek v. Telegraph Co.,* 107 Iowa, 356, which perhaps comes most nearly within the contention of appellant, it was shown that an immediate delivery of the message was specially requested; that the receiving agent of the company knew the plaintiff was expecting it, and it would relate to the arrest of the person whose capture plaintiff was seeking; and that the delivery would have resulted in the desired arrest and the securing of the offered reward. These, with other special circumstances there disclosed, serve to distinguish that precedent from the case at bar.

The conclusion above announced renders unnecessary any discussion of other questions argued by counsel.

There was no error in directing a verdict, and the judgment appealed from is *affirmed.*