# Western Union Telegraph Company v. Caumissar & Sons.

(Decided October 29, 1914.)

## Appeal from Jefferson Circuit Court (Common Pleas No. 3).

Telegraphs and Telephones—Delivery—Failure to Close Contract. —Where a telegram quoting prices is not delivered, the sender cannot recover of the telegraph company damages for loss of profits on goods he might have sold if the message had been delivered, the sender having had no previous communication with the sendee; as no contract would have been closed by any answer the sendee might have made.

RICHARDS & HARRIS, A. B. BENSINGER and GEORGE H. FEARONS for appellant.

H. O. WILLIAMS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Reversing.

On July 10, 1912, T. C. Caumissar and Sons delivered

to the Western Union Telegraph Company the following telegram:

"Chas. W. Henderson Atmore Ala. Bushel stave baskets $1.00 dozen f. o. b. Louisville ship on receipt."

The telegram as delivered by the telegraph company read as follows:

"Chas. W. Henderson Atmore Ala. Bushel stave baskets $1.00 dozen f. o. b. St. Louis ship on receipt."

At the time of sending the telegram, Caumissar and Sons had learned from a friend that Henderson needed baskets, and they had on hand three car loads of baskets for sale. Henderson needed the baskets to pack peaches. The freight from St. Louis was more than the freight from Louisville, and it took longer for their transportation from St. Louis than from Louisville. For these reasons Henderson did not order any baskets from Caumissar and Sons, but supplied himself elsewhere. Caumissar and Sons brought this suit against the Western Union Telegraph Company to recover damages for the error in the transmission of the message, charging that thereby they had lost the sale of the baskets to their damage in the sum of $200. On the trial of the case, Henderson testified to the facts we have stated, and said that if the telegram had read "f. o. b. Louisville" he would have purchased at least one car load and probably all three cars from T. C. Caumissar and Sons. On these facts the circuit court to whom the case was submitted without a jury, entered judgment in favor of the plaintiff for $200. He made a special finding of the facts of the case substantially as we have stated them. The Western Union Telegraph Company appeals.

In Smith v. Western Union Telegraph Co., 83 Ky., 104, Smith made a deposit with brokers in New York. They were to sell the stock he purchased unless it so declined in value that its value with the deposit made by him did not equal the amount paid therefor. The broker sent Smith a telegram telling him of a purchase of stock. The telegram was not delivered; the stock declined so that its value together with his deposit was less than the amount paid for it, and his broker sold the stock. Soon thereafter there was a reaction and the stock increased very much in value. Smith sued the telegraph company to recover damages; it was held that he could not recover. In Taliaferro v. Western Union Tel. Co., 21 R., 1290, the plaintiff sent a telegram asking how his sister was. It was not delivered; she died, and he was thus prevented

from attending her funeral. It was held that the mental anguish by reason of not attending his sister's funeral was too remote, and that there could be no recovery therefor. We think these cases control here. Caumissar and Sons had had no business transaction with Henderson. At the suggestion of a friend they merely wired Henderson a quotation of their prices. If Henderson, on receiving their telegram, had ordered any given quantity of baskets, no contract would have resulted until Henderson's order was accepted by them. What Henderson would have done and what they would have done after they heard from Henderson, are contingencies on which we must speculate, and such damages are too remote to be recovered. In Postal Telegraph Co. v. Louisville Cotton Oil Co., 136 Ky., 843, after discussing whether the second message if delivered would have closed the contract, we said:

"And so, on another trial, it will be competent for the cotton oil company to introduce evidence to show that its message was an acceptance of the offer, and the custom of the trade in reference to such contracts, and likewise competent for the cable company to introduce evidence to show that it was not an acceptance and that there was no such custom. If there is conflict in the evidence on these points, the court should, in addition to other instructions, tell the jury, in substance, that, if the telegram sent by the cotton oil company to Winship & Co. changed or modified the terms which Winship & Company offered to buy the oil, the cable company was not liable for any damages exceeding the cost of the telegram, although it may negligently have failed to deliver it within a reasonable time."

After stating in the response in different words what we had said in the opinion, we added this:

"Or, to put it in another way, if an offer, direction, or proposition in a telegram is to do or not to do a certain thing, and it be alleged and proven that on account of the negligence of the company the telegram was not sent or delivered with reasonable diligence, the company will be liable for the loss or damage sustained that resulted from its negligence. In such a case evidence that the sendee would have acted on the offer, direction or proposition contained in the telegram if it had been received, would be competent to show in connection with other testimony the amount of loss or damage."

But we used this language in speaking of the loss of

a contract which would have been closed if the message had been properly delivered. That is not this case. The plaintiffs made no offer, direction or proposition in the telegram to do or not to do a certain thing. If their telegram had been an offer to sell Henderson a car load of baskets or any other quantity on the terms indicated, then the telegram would have contained an offer to do a certain thing, but in this case the sendee could not have acted on the offer contained in the telegram so as to have closed the contract. Whether he would have made the plaintiffs an offer, and what offer he would have made and what disposition they would have made of the offer, rests wholly in the domain of uncertainty. (Bennett v. W. U. Telg. Co., 106 N. W., 13; Beaupre v. Telegraph Co., 21 Minn., 155; Walser v. W. U. Telg. Co., 19 S. E., 366; Beatty Lumber Co. v. W. U. Telg. Co., 44 S. E., 309; W. U. Telg. Co. v. Webb & Smith, 48 So. Rep., 408.)

Judgment reversed and cause remanded for a judgment for the plaintiff for the amount paid for sending the telegram and costs.